JOHN DOWNEY and THOMAS G. DOWNEY *vs.* JOHN
F. FORRESTER, JOHN GILDEA and WM. BANKERD.

*Scire Facias to revive Judgment — Plea of Payment
and Satisfaction — Evidence.*

An agreement entered into prior to the date of a judgment, as to the mode
of its discharge, but which was not to be executed until afterward, and
all payments made in pursuance of such agreement, are admissible in
evidence in support of the plea of payment and satisfaction to a *scire
facias* to revive the judgment.

A being indebted to B on a promissory note in the sum of $447, it was
agreed that A would continue to pay the dues on ten shares of Building
Association stock held by him, until the payments should equal the
amount of his indebtedness, and in case he did not otherwise discharge
such indebtedness, he would transfer the stock in payment thereof.
Subsequently, on the 3d of August, 1867, A confessed judgment for
$449.39, in favor of B.   At the time of the agreement, $90 had been
paid into the Building Association on the stock, and A continued to pay
the sum of $5 weekly until June, 1868, when the money on the shares
amounting to $642, was drawn out by B, it being agreed that the same
should be applied to the note for which the judgment was confessed.   On
the 3d of September, 1870, B sued out a *scire facias* to revive the judg-
ment.   A pleaded payment and satisfaction.   HELD :

1st. That in support of this plea, evidence of the receipt by B of the sum
of $642, was admissible, the same having been received by him subse-
quently to the date of the judgment.

2d. That the deposits in the Building Association from time to time, on
the shares of stock, were not payments to B as of the date when made ;
being left to accumulate under the agreement, they constituted but one
payment when received by him in the aggregate.

APPEAL from the Court of Common Pleas.

This was an action of *scire facias* instituted on the 3d of
September, 1870, by the appellants to revive a judgment
which had been confessed in their favor on the 3d of August,
1867, by the appellees.   The appellees pleaded payment and
satisfaction, and issue was joined thereon.   The plaintiffs
asserted that the money admitted to have been received by

them from the defendants, was appropriated to the payment of the indebtedness of Forrester, contracted after the dissolution of the partnership of the defendants, instead of being appropriated to the discharge of the judgment held by the plaintiffs against the defendants. On the other hand the defendants contended that this money should have been appropriated to the payment of their indebtedness to the plaintiffs, and if so appropriated, the judgment had been satisfied.

Three exceptions were taken by the plaintiffs which are sufficiently set out in the opinion of the Court. Judgment was given for the defendants and the plaintiffs appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, BOWIE and ROBINSON, J.

*William J. O'Brien,* for the appellants.

*Allen E. Forrester,* for the appellees.

BOWIE, J., delivered the opinion of the Court.

On the 3d of August, 1867, a judgment by confession was entered in the Court below in favor of the appellants, against the appellees, for $449.39.

A *scire facias, quare executionem non,* was issued on the 3d of September, 1870; to which the appellees pleaded, that the said judgment had been paid and satisfied. At the trial two exceptions were taken by the appellants to evidence offered by the appellees, and a third, to the rejection of the first and fourth prayers, and also to certain oral instructions, given by the Court " *sua sponte.*"

The law is well settled, that in answer to a *sci. fa.* the defendant cannot set up any matter which might have been relied on as a defence to the original action ; otherwise, there would be no end to litigation. 6 *Md.,* 307 ; 6 *Md.,* 447 ; *Foster's Writ of Sci. Fa.,* (*L. L.,*) 353.

The plea of payment, therefore, could only be sustained by evidence of payments subsequent to the date of the judgment recited in the writ. Both parties seem to concede this position. The contest is, whether the facts offered in evidence are necessarily such as proved payment *before* the rendition of the judgment; or an agreement to pay, to be executed *after* the judgment, which has since been consummated by actual receipt of the money by the appellants. If the facts sustained the former view, they were inadmissible; if the latter, they were competent and proper.

The case of *McCullough, et al. vs. Franklin Coal Co.*, cited by the appellees, is not in point; that was a case of accord and satisfaction after judgment rendered, and pending an appeal; which being consummated afterwards, was held to be a good plea in bar to the original judgment. *Vide* 21 *Md.*, 256.

The evidence set out in the first bill of exception, tended to show that the cause of action, on which the original judgment was rendered, was a promissory note of Forrester, Bankerd & Gildea, for $447; that in the fall of 1866, the firm was dissolved with the usual agreement that one of them should settle all liabilities; subsequently, it was agreed between the appellants and appellees, that Forrester should continue to pay the dues on ten shares of Building Association stock then held by him, until the payments should equal the amount of the appellants' claim, and in case he did not pay the claim otherwise, to transfer the stock in payment; that one of the plaintiffs, John Downey, agreed to the arrangement, and had since told witness, he had received the money on the stock.

No date was given by the witness to the agreement, or the declaration of the appellant, Downey, that he had received the money. The former must have been prior to the judgment; but as the payments were to be made upon calls of the Building Association, from time to time, until they amounted to the sum of the claim, it was for the jury to determine from the circumstances whether the payment to Downey was prior

or subsequent to the judgment; if the latter, the evidence was proper to support the plea.

The evidence embodied in the second exception shows the agreement referred to in the first was in fact made, and that at the time of the agreement, $90 had been paid into the Building Association on the stock; that Forrester continued to pay the sum of $5 weekly, until June, 1868, when the money due on the shares was drawn out by the appellants, they receiving from the Building Association $642, which it was agreed should be applied to the note on which the judgment was obtained.

The appellants objected to the admission of the testimony referring to the *agreement*, as well as the admission of evidence of *all payments*, made before the date of the judgment sought to be renewed.

The agreement was not subject to exception, because, although made before the judgment, it was not, according to its terms, to be executed for a long period to come, extending beyond the date of the judgment, and its proof was a necessary preliminary to the evidence of the payment of the sum of $642, in pursuance of it, to the appellants in June, 1868, long subsequent to the judgment.

None of the payments offered in this bill of exception to be proved, were liable to the objection that they were prior to the original judgment. The payments actually prior in time, were made to the Building Association, where they accumulated until June, 1868, when they were transferred to and received by the appellants. The evidence taken collectively clearly sustained the appellees' defence, and was properly admissible. The instructions, the rejection of which is made the ground of the third exception, are parts of a series, numbered 1, 2, 3, 4, respectively.

It is evident, from the language of those granted, that the appellants were not deprived of the benefit of any evidence which was legally admissible, or prejudiced by the admission of any which should have been excluded.

By the second instruction of the appellants, (which was granted,) the jury were informed that the burden of proof was on the appellees, to show the judgment mentioned in the *scire facias*, had been satisfied in whole or in part; in ascertaining which facts they were not at liberty to consider any testimony offered by the appellees, of payments made to the appellants before the rendition of the judgment.

The third instruction of the appellants (which was likewise allowed,) declared that "if the jury find from the evidence that on the 3d of August, 1867, a judgment was rendered in favor of the plaintiffs (appellants,) and against the defendants for the sum of $449.39 and costs, as stated in the pleadings, then their verdict must be for the plaintiffs, for the amount for which judgment was rendered, with interest, unless, they shall further find that the said judgment has been since paid in whole or in part, and, in that event, their verdict shall be for such an amount, if any, as they may find unpaid."

The propositions contained in these instructions of the appellants, correctly expounded the law as to the admission and application of the evidence of payments, prior to the date of the judgment. The prayers rejected, submitted propositions which were not tenable, and were therefore properly refused.

"The first was that "no evidence in relation to any pretended special contract, in pursuance of which the indebtedness of the defendants to the plaintiffs was to be satisfied, entered into before the rendition of the judgment, set out in the pleadings in the cause, (if the jury shall find such judgment,) can be considered by the jury in making up their verdict in this case."

This instruction was too general in its language. It does not discriminate between an agreement to be executed "*in presenti*" and one "*in futuro.*"

The fact that the agreement was entered into before the rendition of the judgment was immaterial, if the payment or satisfaction made in pursuance of it was afterwards. The time

Downey *vs.* Forrester, *et al.*

of satisfaction, the gist of the defence, was wholly ignored by the instruction, and it was therefore properly rejected.

The fourth prayer of the appellants, the rejection of which, together with the oral instruction of the Court, constitutes a part of the third exception, seeks to make the payments to the Building Association on the shares of stock, in pursuance of the agreement, payments to the appellants, and because some were anterior to the judgment, to exclude them from the consideration of the jury. This view of the testimony is incorrect in theory and in fact. According to the evidence, the dues or calls were to be paid from time to time and accumulate until they amounted to a sum sufficient to satisfy the appellants' claim, when the aggregate was to be paid to them.

The deposits in the Building Association by the appellees, though several, constituted but one payment to the appellants, by whom they were received " *in solido*," in satisfaction of the judgment subsequent to its rendition. The oral instructions of the Court were designed to convey this view of the facts to the jury, and were explanatory of the written instructions previously granted at the instance of the appellants.

It was entirely competent for the Court to make such explanations " *mero motu.*" Perceiving no error in the rulings of the Court below, the judgment is affirmed.

*Judgment affirmed.*

(Decided 31st January, 1872.)