CAROLINE L. GUNBY *vs*. JEREMIAH H. SLUTER.

*When objection to the Admissibility of Evidence will not be noticed in the Court of Appeals—Right of a Vendee to Recover back the Purchase money of land, paid on a Misrepresentation as to the Title—When Misrepresentations vitiate a Contract—When the Vendee may rescind his contract upon the ground of Misrepresentation by the Vendor as to the Title of the Land—Insufficient ground for the Reversal of a judgment—Sufficient consideration for a Promise to Repay money—Effect of Rescission of contract for the purchase of Land, upon the Liability of the Vendor to return the Purchase money.*

Where testimony is admitted subject to exception, but the Court is not called on at any subsequent stage of the trial to exclude it, an objection to its admissibility cannot be noticed on appeal.

The defendant agreed to sell the plaintiff a parcel of ground, and the latter paid her in advance a portion of the purchase money, and afterwards brought an action against her to recover it back, on the ground of a misrepresenta-

tion made by her in regard to her title. Evidence was offered tending to show that during the negotiations for the sale the defendant represented that she held a fee-simple estate in the property, but that in fact she held only a leasehold estate as assignee of a sub-lease. There was also evidence tending to show that after the part payment of the purchase money the plaintiff made objection to the title, and that by agreement the contract of purchase was rescinded and abandoned, and the defendant offered to repay the money. HELD:

That if these facts were found by the jury and stood alone, there could be no doubt of the right of the plaintiff to recover.

If the misrepresentations are material and substantial, they vitiate the contract though made by mistake, being to the advantage of the party making them.

To entitle a purchaser to rescind his contract upon the ground of material misrepresentations made by the vendor as to the title, it must appear that he was actually misled by them.

The rejection of a prayer containing a correct proposition of law furnishes no ground for a reversal, where it appears that the same proposition was stated in an instruction granted by the Court.

Whether an agreement to waive a contract for the purchase of land is a contract concerning land which under the *Statute of Frauds* must be in writing. *Quære?*

The original contract of purchase was not in writing but was proved by parol evidence without objection, and this evidence offered in the first instance by the plaintiff, was relied on by both sides as establishing a valid agreement of purchase, and in the same manner parol evidence was offered of an agreement to rescind and abandon the contract and to return the money. HELD:

1st. That no exception having been taken to the admissibility of the latter evidence the defendant cannot on appeal object to its admissibility.

2nd. That the abandonment and surrender by the plaintiff of his interest in the property under the original contract was a sufficient consideration for the promise on the part of the defendant to repay the money.

3rd. That the effect of the rescission if proven, was to entitle the plaintiff to the return of the money, and no express promise was necessary.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—At the trial below, the plaintiff offered the three following prayers:

1. If the jury believe from the evidence that the plaintiff agreed with the defendant to buy her house on Poppleton street, in the City of Baltimore, for the sum of five thousand five hundred dollars; and shall further find, that the plaintiff paid to the defendant one thousand dollars, on the 26th day of July, in the year 1871, on account of the purchase money for said house; and shall further find, that the plaintiff entered into said agreement, and paid said purchase money, and at the time of so doing, believed that the defendant was the owner of said house in fee; and shall further find that the plaintiff came to such belief by misrepresentations made to him by the defendant, to the effect that the said property was in fee, when in fact it was subject to a ground-rent of one cent, and to two other rents of $216 and $72 respectively, if the jury shall so find, then the plaintiff is entitled to rescind said agreement, and recover back said one thousand dollars, with interest, (interest to be allowed in the discretion of the jury,) unless the jury shall further find, that the plaintiff, after being fully informed that the defendant was not the owner of said house in fee, paid said sum on account of said purchase money.

2. If the jury shall believe from the evidence, that the plaintiff agreed with the defendant, to buy her house on Poppleton street, in the City of Baltimore, for five thousand five hundred dollars, and shall further find that the plaintiff on the 26th day of July, in the year 1871, paid to the defendant, one thousand dollars on account of the purchase money of said house; and shall further find that after the payment of said purchase money, it was agreed between the plaintiff and defendant, that said agreement of purchase should be rescinded, and that the defendant should pay back said sum of one thousand dollars, then the plaintiff is entitled to recover.

3. If the jury believe from the evidence in the cause, that the plaintiff on the 26th day of July, in the year

1871, paid to the defendant, the sum of one thousand dollars on account of the purchase money of her house on Poppleton street, in the City of Baltimore ; and shall further find, that at the time of such payment, the plaintiff believed the defendant was owner of said house in fee, and that he would, upon the payment of the purchase money, acquire title to said house, subject only to the payment of an annual rent of ninety dollars, then the plaintiff is entitled to recover ; provided the jury shall further find that the plaintiff was mistaken as to the defendant's title, when he paid the said sum of money, and that it was not as valuable as he supposed he was buying.

The defendant offered eight prayers, as follows :

1. If the jury find from the evidence, that the defendant sold to the plaintiff the property mentioned in said evidence, for the sum of $5500, a portion of which was to be paid in cash, and the balance on ground-rent or mortgage ; and further find, that on or before the 20th day of July, 1871, the defendant gave to the plaintiff, the title deed of said property, which has been offered in evidence in this case ; and that, thereupon, immediately afterwards the said plaintiff had the title examined by his counsel, and a sub-lease of said property prepared to him, and then came to said defendant on 26th July, 1871, and paid to her the sum of $1000, on account of the purchase money of said property, which is sought to be recovered in this case, without objecting to the title at that time, then the plaintiff cannot now object to the title of said property, or the accepting of the same, and recover back the said money so paid on account of the same.

2. If the jury find from the evidence, that the defendant sold to the plaintiff, the property mentioned in the evidence, for the sum of $5500, and that the plaintiff paid to the defendant on the 26th July, 1871, the sum of $1000, on account of said purchase money ; and that the said plaintiff had the opportunity and means to examine the

title of said property, before the said payment by him to her, then the plaintiff is not entitled to recover the said sum of money so paid by him on account of the purchase money.

3. If the jury find from the evidence, that the sale of the property on which the sum of $1000 was paid, was made on the 26th July, 1871, by the defendant to the plaintiff, and that the receipt for said sum, was then given by the defendant, and accepted by the plaintiff, after the plaintiff had an opportunity of examining the title of said property, then all prior representations were merged in that written contract and receipt, and the jury can only look to it for the terms and conditions of said sale--and the plaintiff cannot recover in this case, upon any prior representations of the defendant, with reference to the title of her property, and quantity of her estate in the same.

4. That though the jury should find from the evidence, that the defendant did represent to the plaintiff, that the property was in fee, before the payment of said money, that said representation was not such a fraud in law, as to entitle the plaintiff to rescind the said sale, and recover back said money; if they shall further find that before the said payment, the defendant delivered to said plaintiff her title deed, and he had the opportunity of examining the same, and informing himself as to the true condition of the title of said property, even though they should find that he had not the title at the time of said payment.

5. That notwithstanding the jury may find that the defendant orally represented to the plaintiff, that the land sold by her to him, was in fee-simple, when in fact it was not so; yet, if the jury further find that after such representations, the defendant put into the hands of the plaintiff the defendant's title deed, which showed what her title was, and that afterwards the plaintiff put said deed into the hands of a competent conveyancer and attorney at

law, who examined the title to said land, and the plaintiff paid said attorney for his work, and afterwards the plaintiff voluntarily paid the defendant the sum of money now sought to be recovered, in part payment of the purchase money for said land; then the plaintiff had no right to rely upon such representations after the defendant had given him better means of information in writing, which was proper for the plaintiff to rely on; and the plaintiff cannot recover in this action, on account of any such misrepresentations.

6. That if the jury find the facts mentioned in the fifth prayer, then the plaintiff cannot recover in this action by reason of any promise, even if the jury should find such a promise, that the defendant would refund the money paid her by the plaintiff, because such promise is void in law, being voluntary and without any consideration.

7. That if the jury find the facts mentioned in the fifth and sixth prayers, and further find that such promise was made conditional upon the defendant's selling her property, and she has not yet sold it, then the plaintiff cannot recover, because the said condition is not fulfilled.

8. That if the jury find the facts mentioned in the fifth, sixth and seventh prayers, and further find that said promise was made on condition, that the defendant should sell said property for $5500, and she has never sold it at all, and has not been able at any time to sell it for that price, and that it is now worth less than said sum of money, then the plaintiff cannot recover, because the condition is not fulfilled.

The Court, (DOBBIN, J.,) granted the plaintiff's first and second prayers, and refused his third prayer, as also all of the defendant's prayers, and further instructed the jury as follows:

"If the jury shall find from the evidence that at the time of the sale of the house in question, or during the

progress of the negotiation therefor, the defendant gave
to the plaintiff the means of ascertaining the title, of which
he availed himself, by having the title examined by coun-
sel, and thereafter paid to the defendant the $1000 testified
to in the evidence, that it forms no ground to object to the
sale, that the title had been represented to the plaintiff to
be a title in fee, when in fact it was a title under a sub-
lease; but if the jury shall further find that afterwards the
sale was by agreement rescinded, then the plaintiff is enti-
tled to recover back the money paid upon the purchase,
unless the jury shall find that it was part of the agreement
of rescission that the money was only to be repaid after the
sale of the house, in which event the right of the plaintiff
to recover is postponed till such sale, of which sale there is
no evidence."

The defendant excepted to the refusal of her prayers,
and to the granting of the first and second prayers of the
plaintiff. The jury rendered a verdict for the plaintiff,
and judgment was entered accordingly. The defendant
appealed.

The cause was argued before BARTOL, C. J., STEWART,
MILLER and ALVEY, J.

*Edward Otis Hinkley,* for the appellant.

A mere misrepresentation as to the title to land, without
fraud, in a case where the title deeds of the vendor are put
into the vendee's hand, and the title is fully examined by
the vendee's counsel, and part of the purchase money paid
after such examination, gives the vendee *no right of rescis-
sion. Hilliard on Vendors,* 329, 330; *Ely vs. Stewart,* 2
*Md.,* 415; *Middlekauf vs. Barrick,* 4 *Gill,* 290; *Freeman
vs. Bass,* 34 *Georgia,* 355; *Bowser vs. Cravener,* 56 *Penn.,*
132; *Griswold vs. Sabin,* 51 *N. Hamp.,* 167.

And in such case an unwritten promise, purely execu-
tory, is not sufficient to rescind such sale, or give either the

vendee the right to recover the purchase money or the
vendor a right to the land, the written agreement for sale
being retained by the vendee, and no change whatever
being made in the condition of the parties. *Kerr on
Fraud and Mistake*, 33, 34, 35, 40, 43, 48, 53, 60, 61, 319,
348; *Bowie's Ex'r vs. Bowie*, 1 *Md.*, 94; *Lammott vs. Gist,*
2 *H. & G.*, 433; *Key vs. Dent*, 6 *Md.*, 146; *Green vs. Stone*,
1 *H. & J.*, 405; *Morris vs. Mayor, &c., of Baltimore*, 5
*Gill*, 244; *Browne on the Statute of Frauds*, 409, 436;
*Buckhouse vs. Crossby*, 2 *Eq. Cases Abridged*, 33; *Stevens
vs. Cooper*, 1 *John. Ch.*, 429; *Griswold vs. Sabin*, 51 *N.
Hamp.*, 167; *Hansbrough vs. Peck*, 5 *Wallace*, 497; *Weeks
vs. Robie*, 42 *N. Hamp.*, 316; *Smith, et al. vs. Doty*, 24 *Ill.*,
163; *Haynes vs. Fuller*, 40 *Maine*, 162; *Sugden on Vend.
& Purch.*, 170.

*C. Dodd McFarland*, for the appellee.

If upon the contract for the sale of lands, houses, &c.,
the vendee makes a deposit of the whole or part of the pur-
chase money with the vendor or his agent, and the ven-
dor's title happens to be defective, or if the premises vary
from the description contained in the particulars of sale,
the vendee may not only refuse to complete the purchase,
but he may also recover back his deposit by action of *inde-
bitatus assumpsit* as for so much money had and received
to his use.    2 *Comyn on Contracts, marg.* 52, *(3rd Am. Ed.)*

Where money is paid by way of deposit on a contract for
a sale of leasehold premises, and on examining the vendor's
title, it should appear that he has a less term than what
was mentioned in the agreement, or his title be otherwise
defective, the purchaser may consider the contract at an
end, and bring an action for money had and received.    2
*Com. on Contracts, (3rd Am. Ed.)* 59, *marg.*

Where parties entered into a contract for the sale of an
interest in a public house, which was stated to have eight
and a half years to run, but it turned out that it had but

six years to run, Lord KENYON ruled that the buyer had a right to consider the contract at an end, and recover back any part of the purchase money paid in part performance. 2 *Kent Com.*, 643, *top page*, 469, *marg.*, 10*th Ed.*; *Farrar vs. Nightingal*, 2 *Esp.*, 639 ; *Saunders on Plead. and Ev.*, 1219 ; *Black vs. Phinn*, 54 *Eng. Com. Law*, 976 ; *Addison on Contracts*, 84, (6*th Ed.*)

The appellant's third, fourth, fifth, seventh and eighth prayers were properly rejected, because the appellee's prayers, together with the instruction of the Court, fairly stated the law and covered the grounds of controversy. The appellant has therefore no cause of complaint. *Phila., Wil. & B. R. R. Co. vs. Weaver*, 34 *Md.*, 434 ; *Davis vs. Furlow's Lessee*, 27 *Md.*, 544 ; *Pettigrew vs. Barnum*, 11 *Md.*, 434 ; *New York Life Ins. Co. vs. Flack*, 3 *Md.*, 341 ; *Mutual Safety Ins. Co. vs. Cohen*, 3 *Gill*, 459.

The appellant's sixth prayer was properly rejected, because there was a consideration to support the promise to pay back the money. The appellee gave up his right to the property. The appellant had incorrectly stated to the appellee that she was owner of the property in fee ; under that belief the appellee paid the money. Honesty and fair dealing required her to return the money upon the facts appearing otherwise.

"A promise to do what an honest man ought to, although not legally binding, is a sufficient consideration to support a promise." *State, use of Stevenson vs. Reigart*, 1 *Gill*, 26.

BARTOL, C. J., delivered the opinion of the Court.

The appellee agreed to purchase from the appellant a house and lot in the City of Baltimore for $5500, and paid her $1000 on account of the purchase money, and has brought this suit to recover back the money so paid.

The plaintiff places his right to recover upon two grounds, first, because the defendant represented her title

to the property to be in fee-simple, and that the representation was untrue ; and. secondly, because the agreement of purchase was rescinded and abandoned by mutual consent, and the defendant promised to repay the $1000.

A good deal of testimony was offered on both sides, some parts of it quite contradictory—not an unusual occurrence where the parties themselves are witnesses.

The bill of exceptions raises no question upon the admissibility of any of the evidence.   In the argument in this Court, the appellant's counsel has called our attention to the objection which was made on her part, to a portion of the testimony of *Jeremiah H. Sluter*, this objection was interposed during the progress of his examination, but was not insisted on, and the testimony was admitted *subject to exception*.   "The Court was not called on at any subsequent stage of the trial to exclude it, and exception taken to its refusal so to do."   Under these circumstances we cannot notice the objection ; it is settled by the cases of *Coates & Glenn vs. Sangston*, 5 *Md.*, 121, and *Basshor & Co. vs. Forbes*, 36 *Md.*, 154, that the question of the admissibility of the evidence is not before us for review, unless it has been raised. in and decided by the Court below.

The only questions for our consideration arise upon the prayers, and the instruction given by the Superior Court to the jury.   There was evidence tending to prove that during the negotiations for the sale, the appellant represented that she held a fee-simple estate in the property, and that in fact she held only a leasehold estate, as assignee of a sub-lease, whereby the property was subject to an annual ground-rent of *one cent*, if demanded, and that it was further subject, together with other property, of which it formed a part under the original lease, to two ground-rents, one of $216, and the other of $72 *per annum*. There was also evidence tending to prove that after the payment of the $1000 the appellee made objection to the

title, and that by agreement the contract of purchase was rescinded and abandoned, and the appellant promised to repay the money.

If these facts were found by the jury, *and stood alone*, there could be no doubt or question of the right of the appellee to recover. It is laid down in *Comyn on Contracts*, *3rd vol.*, 304: "If a contract is made for the sale of lands or houses, either by public or private contract, and a deposit, or other sum of money is paid thereon, and it afterwards appears that any material representation or improper description has been made, either by the vendor himself, or by his agent or auctioneer employed to sell, the vendee may disaffirm the contract, and recover back the money so paid, by action of *indebitatus assumpsit*. *Norfolk vs. Worthy*, 1 *Camp.*, 337; *Farrar vs. Nightingal*, 2 *Esp. R.*, 639. The vendor must be prepared and able to convey and transfer to the purchaser an estate or interest substantially corresponding with that bargained for and agreed to be sold, both as regards the tenure and the situation and condition, and natural advantages of the property. Any misdescription of the estate or interest, or of the nature or situation, or extent or value of the property in a material and substantial point, so far affecting the subject-matter of the contract, that it may reasonably be supposed that but for such misdescription, the contract would never have been made, at once releases the purchaser from the bargain." *Addison on Contracts*, 84, (*6th London Ed.*); *Rayner vs. Wilson & Hunting*, 43 *Md.*, 440.

The appellant's counsel has argued that such misrepresentations as are here alleged, will not avoid the contract unless made fraudulently, and that they do not constitute fraud, unless they were made wilfully and knowingly. But it is settled that if they are material and substantial, they vitiate the contract, though made by mistake, being to the advantage of the party making them. As said by Sir EDWARD SUGDEN, "The only question is whether they

are false, the seller was bound to know what it was, as she professed to state it, and to state it truly. It is immaterial whether she misstated it wilfully, if she stated it falsely." *Sugden on V. & P.*, 28, *ch.* 1, *sec.* 2, *pl.* 44, (14*th London Ed.*) See *Wood vs. Keep*, 1 *Fos. & Fin.*, 331; *Wood vs. Scarth*, 1 *Fos. & Finn.*, 293.

Upon the theory of the case as presented by the appellee, these authorities clearly establish his right to recover; but there is evidence in the cause in conflict with this theory, and which the appellant contends, establishes a good defence. The points relied on in defence are;—*first*, with respect to the alleged *misrepresentations*, that they furnish no sufficient ground to entitle the plaintiff to rescind the contract, and recover back the money paid, because, before the payment of the money, the deed of the defendant disclosing the nature of her title, had been placed in the hands of the plaintiff, and had been examined by his attorney.

*Secondly*, as to the alleged promise to repay the money, that such promise was void in law, being voluntary and without any consideration; and it is further insisted, that even if such promise were binding in law, that the promise proved in this case was not absolute, but conditional upon the sale of the property by the defendant for $5500, that she has never sold it, or been able to sell it for that price, and that it is now worth less than that sum. These propositions were raised by the defendant's prayers which were rejected, and in lieu thereof an instruction was given to the jury by the Superior Court.

There is no doubt of the correctness of the legal proposition, that to entitle a purchaser to rescind his contract upon the ground of material misrepresentations, made by the vendor as to the title, it must appear that he was actually misled by them. *Ely vs. Stewart*, 2 *Md.*, 408.

"A sale, though founded on the misrepresentations of the seller, cannot be for that cause wholly rescinded, if

prior to the completion of the sale, the purchaser had become acquainted with the whole facts, and yet confirmed the bargain." *Hilliard on Vendors*, 330.

It follows that the proposition contained in the appellant's *fifth prayer* was correct; but its refusal furnishes no ground for reversal, because the same proposition was clearly stated in the Court's instruction; by which the jury were told "that if they should find from the evidence, that at the time of the sale of the house in question, or during the progress of the negotiation therefor, the defendant gave to the plaintiff the means of ascertaining the title, of which he availed himself, by having the title examined by counsel, and thereafter paid the defendant the $1000, testified to in the evidence, that it forms no ground to object to the sale, that the title had been represented to the plaintiff to be a title in fee, when in fact it was a title under a sub-lease."

So far, therefore, as this branch of the case was concerned, the appellant had the full benefit of her legal defence.

The second ground of defence, before stated, is presented by the appellant's *sixth* prayer, which rests upon the hypothesis of facts stated in her *fifth* prayer, and asserts that a promise to repay the money was "void in law, being voluntary and without any consideration." This prayer was refused, and the Court instructed the jury "that if they should find that afterwards the sale was by agreement rescinded, then the plaintiff is entitled to recover back the money paid upon the purchase."

The supposed error in this instruction is alleged to consist in allowing parol evidence to prove an agreement to rescind the contract. It is argued that the contract of purchase being within the 4th section of the Statute of Frauds, and required to be in writing, that an agreement to waive a purchase contract is an agreement concerning lands, and must also be in writing, and for this we have

been referred to *Buckhouse vs. Crossby*, 2 *Eq. Ca. Ab.*, 33, *pl.* 44, where this opinion was intimated by Lord HARD-WICKE, though the point was not distinctly decided. In *Goss vs. Ld. Nugent*, 5 *B. & Ad.*, 58, a *dictum* to the contrary was expressed by DENMAN, C. J.

We refer also to *Sugden on V. & P.*, 167–8 ; *Addison on Contracts*, 97-8, *ch.* 28, *sec.* 1 ; 2 *Taylor on Evidence*, *sec.* 1095 ; *Benjamin on Sales*, 159, and *Browne on Stat. of Frauds*, *secs.* 429 *to* 436, where the authorities on this subject are collected.

This point does not arise in the present case, and we therefore express no opinion upon it.

Here the original contract of purchase has been proved by parol evidence, there being no sufficient writing as required by the Statute ; but no objection on that account has been made to the evidence, which was offered in the first instance by the plaintiff, and has been relied on by both sides as establishing a valid agreement of purchase. And in the same manner parol evidence was offered of the agreement to rescind and abandon the contract, and to return the money. No exception having been taken to its admissibility, the appellant cannot now say that it was inadmissible.

Treating the evidence as competent to go to the jury for the purpose of proving the agreement to rescind ; there can be no question as to the validity of the agreement.

The abandonment and surrender by the appellee of his interest in the property under the original contract, is a sufficient consideration for the promise on the part of the appellant to repay the money. The effect of the rescission, if proved, was to entitle the appellee to the return of the money, and no express promise was necessary.

There was no error in rejecting the appellant's *sixth* prayer, and in granting the *second* prayer of the appellee, or in the Court's instruction, by the concluding portion of which, the appellant got the benefit of the same instruc-

tion asked in her *seventh* and *eighth* prayers, upon the theory that her promise to refund the money was contingent upon the sale of the house to another.

With respect to the appellee's first prayer which was granted, we think the objections to it are not well taken, as we construe it; so far as it defines the rights of the parties it states the same proposition as the instruction given by the Court which we have said is correct.

*Judgment affirmed.*

(Decided 7th March, 1876.)