8 N.J. Super. 57 (1950)
73 A.2d 266
EDWARD MANNERY, PETITIONER-APPELLANT,
v.
HARRY WATERS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1950.
Decided May 16, 1950.
*58 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Joseph B. Perskie argued the cause for the appellant (Mr. Alexander K. Blatt, attorney).
Mr. William B. Hunter argued the cause for the respondent (Mr. Daniel DeBrier, attorney).
The opinion of the court was delivered PER CURIAM.
This is an appeal from a judgment of the Atlantic County Court affirming a dismissal of the appellant's petition by the Workmen's Compensation Bureau.
The appellant Edward Mannery was employed as a plumber by the respondent Harry Waters. He testified that on October 25, 1948, he was engaged in repairing some leaking pipes along the ceiling in premises at 3307 Atlantic Avenue, Atlantic City. He ascended a ladder, started to disconnect the pipes and, because of their tightness, was obliged to use "extra strength on them to break them loose." He descended and went outside to cut and thread new pieces of pipe to replace the old. He placed the pipe in the vice, had trouble with the dies which had become worn through use, and was obliged to use "extra force." While threading the pipe he experienced a pain and burning feeling in his chest. He completed the threading but the pain and burning sensation increased and he drove home without completing the repair of the pipes. His family physician, Dr. Shavelson, examined him and concluded that he had suffered a coronary thrombosis. He was confined to bed and suffered later heart attacks during November, 1948.
Dr. Shavelson testified that, in his opinion, the appellant had no previous coronary impairment and that his heart attack was causally related to his exertions on October 25, 1948. Dr. Hyman testified in support with respect to causal relation. On the respondent's behalf, Dr. Walker and Dr. Marvel testified that, in their opinion, the appellant had a previous coronary disease and that his attack was the culmination of *59 its normal progress and was not causally related to his work on October 25, 1948. Dr. Walker further testified that the appellant had told him that on the morning of October 25, 1948, he had worked at draining a water system and that after lunch he was cutting and threading one-inch pipe which he described as "moderately heavy work, although on the preceding week he had been doing very heavy work installing a boiler, without any apparent ill effect."
The lower tribunals applied the current doctrine of our Supreme Court that a petitioner seeking to establish that a heart attack suffered by him was compensable under the Workmen's Compensation Act, must meet the test of showing that it "was caused by an unusual strain or exertion (accident) `arising out of' his employment, and beyond the mere employment itself." Seiken v. Todd Dry Dock, Inc., 2 N.J. 469, 477 (1949); Temple v. Storch Trucking Co., 3 N.J. 42 (1949). They found, in effect, that the appellant's ordinary work was hard and strenuous and required frequent exertion and use of his strength; that he was accustomed, in the course of his regular duties, to disconnect or break pipe connections and to thread pipes; and that his described use of additional effort where the pipe connections were tight or the dies had become dull through prior use were usual rather than unusual strains or exertions of his employment. They concluded that he "was performing his normal routine every day tasks to which he was accustomed" when he suffered his heart attack and had not met the test prescribed by our Supreme Court.
The concurring factual findings of the two lower tribunals were well within the evidence and we find no reason for disturbing them or the conclusion which they compelled. See Vandenberg v. John De Kuyper & Son, 5 N.J. Super. 440, 447 (App. Div. 1949). Cf. Schroeder v. Arthur Sales Co., Inc., 5 N.J. Super. 287 (App. Div. 1949); affirmed, 4 N.J. 116 (1950). Accordingly, the judgment of the Atlantic County Court is
Affirmed.