## ALCO CONSTRUCTION COMPANY, INC. *v.* PEACHWOOD DEVELOPMENT CORPORATION

[No. 283, September Term, 1969.]

*Decided March 6, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and DIGGES, JJ.

*Thomas L. Beight* for appellant.

*Ronald F. McDonald, Jr.,* with whom were *Tomes, Spragins & McDonald* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

In 1963 appellant Alco Construction Company, Inc. contracted to purchase certain lots in a Montgomery County real estate development from appellee Peachwood Development Corporation. Peachwood at the time was beneficiary of a commitment by the Washington Suburban Sanitary Commission to extend water and sewer lines to the development, and had agreed to contribute to the construction costs of this extension. The contract of sale between appellee and Alco provided that if the required contribution to the Commission exceeded $12,000 the seller should notify the purchaser and "should no satisfactory solution be reached" (presumably as to their respective shares of the contribution) the contract would be void. Ultimately the required contribution was fixed at $21,500. The parties executed an agreement on April 8, 1964, which provided that Peachwood would "turn over to purchaser all engineering data which is presently held by Thomas Oyster and Associates, and obtain from the Washington Suburban Sanitary Commission an assignment of the sewer commitment to purchaser." As further agreed a check for $21,500 was mailed to the Sanitary Commission by Conroy and Williams, the parties' settlement attorneys, with Peachwood contributing $16,500 of this amount and Alco $5,000.

The Sanitary Commission required that for an extension commitment to be transferred, the Commission must receive requests to that effect from both the transferor and the transferee. In compliance with this rule both Alco and Peachwood by letters to the Commission requested a transfer. In its letter Peachwood asked that the monies contributed be returned to the original donors if the sewer construction were not undertaken. The Commission on June 8, 1965, wrote to Alco stating the commitment had been transferred to them, and further "[s]hould the project for any reason fail to materialize the . . . contribution will be refunded to the original contributor."

The planned extension was ultimately cancelled, and Alco claimed refund of the entire $21,500 asserting that the agreement of April 8 for transfer of the sewer commitment was intended as well to transfer the incidental benefits including the funds. Appellee Peachwood claimed the $16,500 it had originally contributed. As a result of these conflicting claims the Sanitary Commission instituted interpleader proceedings in the Circuit Court for Montgomery County. In the further course of the litigation Peachwood was designated the plaintiff and Alco the defendant. The chancellor (Levine, J.) determined after a hearing that $16,500 should be refunded to Peachwood and $5,000 to Alco.

On appeal pursuing its claim to the entire amount Alco submits two grounds for reversal. They first contend the trial judge abused his discretion in permitting the following exchange on direct examination:

By Mr. McDonald, counsel for the plaintiff:

"Q. And, incidental to your transmitting to the sanitary commission this sum of twenty-one thousand five hundred dollars, were you acting at that time as the agent for Peachwood Development Corporation, as far as sixteen thousand five hundred dollars of that amount was concerned?"

Mr. DeLeon, a witness called by the plaintiff: "Yes."

Appellant says this leading question and answer was a vital factor in the trial judge's decision on the merits of the case because he specifically included it as one of the bases of his decision. The vice of leading questions is that they suggest to a witness the reply desired by counsel, and do not call for the witness' independent response. The severity of the harm done by such questions varies widely with the attending circumstances and this is the reason why regulation of such questions is left almost entirely within the discretion of the trial judge; even if his ruling is erroneous it will not be reversed unless clearly prejudicial. *Beth. Steel Co. v. Golombieski,* 231 Md. 124, 188 A. 2d 923 (1963); *Wolf v. State,* 143 Md. 489, 122 A. 641 (1923); 3 Wigmore, *Evidence,* § 770 (3rd ed. 1940). It is obvious the possible impact of a leading question is greatly reduced, as in the present case, when a trial is held before a judge rather than a jury. Even if the question as phrased had been disallowed it is reasonably certain the same information would have been elicited by further interrogation. In fact this witness testified to substantially the same effect before the question complained of, as well as on cross-examination. See *Stewart & Co. v. Howell,* 136 Md. 423, 110 A. 899 (1920). We think the harmless nature of the error, if any, is revealed by reference to the trial judge's opinion. The testimony complained of is merely cumulative of much other evidence accepted by the court in reaching its final decision.

Appellant also argues that Judge Levine was "clearly erroneous" in his decision on the merits. The main thrust of this argument is that it was error to go beyond the four corners of the contract of sale and the addendum agreement of April 8. In neither of these instruments is there any express provision for the disposition of funds in the event of cancellation of the sewer project. Appellant argues that the phrase "an assignment of the sewer commitment to purchaser" implied that all monies associated with the commitment should also be turned over

to the purchaser. However, finding the documents offered by appellant silent on this point, the ultimate issue of the case, the chancellor properly considered all evidence relating to the transaction between the parties in order to ascertain their intentions. *Montauk Corp. v. Seeds,* 215 Md. 491, 497, 138 A. 2d 907 (1958). Based on his consideration of all this evidence the trial judge found as a fact that the parties never intended an irrevocable outright assignment of the sewer funds to Alco. Once he determined this issue, he concluded that the funds were the property of the Commission conditioned on their using them for the sewer project. He further decided when this condition was not met the contractual relation of the parties concerning the project was dissolved, and absent any other provision the funds would revert to the original donors in the amount they originally contributed. Our review of the evidence does not convince us his findings of fact were clearly erroneous, and his legal conclusion based on these facts is a natural and equitable result. *Gibula v. Sause,* 173 Md. 87, 92, 194 A. 826 (1937) ; *Gunby v. Sluter,* 44 Md. 237 (1876). Appellant makes some reference to the relative weight certain witnesses' testimony should have received. Our deference to the trial judge on this point is firmly resolved by the language of Maryland Rule 886.

Finding no error below, we affirm the judgment entered.

*Judgment affirmed. Costs to
be paid by appellant.*