JAMES  DOYLE *vs.* JOHN  A.  WHITRIDGE, EXECUTOR.

*Auction Sale of Ground Rent Set Aside on Account of Misdescription.*

The advertisement of an executor's sale at auction of a ground rent
    stated that the rent was "on the Calverton Stockyards," and at the sale
    the auctioneer stated that the leasehold interest was owned by a cer-
    tain well-known firm of cattle dealers who had paid the rent for a long
    time.   The exceptant bought the rent at the sale which took place not
    on the premises but at a salesroom, and asked to be released there-
    from because he subsequently ascertained that the rent was not re-
    served on any part of the Calverton Stockyards but on property near
    it, and also because the leasehold interest was not then owned by the
    designated cattle dealers but had previously been conveyed by them
    to an unknown person.   The advertisement contained a description of

the property by metes and bounds, but the purchaser did not actually locate it.   *Held*, that the misdescription, upon which the purchaser relied, as to the location of the rent and as to the ownership of the leasehold interest, although innocently made, was so material to the subject-matter of the contract that the purchaser is entitled to have the sale to him set aside on account thereof.

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Charles Morris Howard* and *Robert W. Beach*, for the appellant.

*James M. Ambler* and *Randolph Barton, Jr.*, for the appellee.

PAGE, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Baltimore City overruling an exception to the sale of a ground rent made at public auction by the appellee as executor. The grounds of the exception are, first, a misdescription of the property in the advertisement, and second, misleading and untrue statements made by the auctioneer at the time of the sale.

The published advertisement described the ground rent as follows: "$250 on the Calverton Stockyards. The lot has a front of 344 feet on West Fayette street near Calverton road, with an irregular depth of 155 feet to a 20-foot alley, on which it runs 444 ft. 7 in." It is not contended, nor is there any proof in the record, that the particular description was not correct as stated; and it also appears there was a correct plat of the lot in the possession of the auctioneer at the time of the sale for the examination of all who for any reason were interested in the sale.

The alleged misdescription is that it was stated in the advertisement that the "ground rent" was "on the Calverton stockyards;" whereas in point of fact the ground never belonged to the Calverton Stockyards.

The alleged misrepresentations were made by the auctioneer

at the sale, before the exceptant had bid upon the property, and were to the effect that the property was improved by a one-story brick building, occupied by Gray and Judic, a prominent firm of cattle dealers, "who were then owners of the leasehold interest, and who paid the rent and had been paying it for a long time;" whereas in fact Gray and Judic had removed from the premises more than a year previous, and had sold the leasehold interest which they had owned in said property and had conveyed it by a deed dated 10th June, 1902, to a certain Emma Reid "whose whereabouts and address the purchaser has been unable to ascertain, and whom he believes to be an irresponsible person."

The petitioner alleges that these misstatements misled him and induced him to buy and now justifies him in refusing to be bound by his offer therefor. The Orphans' Court dismissed the petition and from its order the petitioner has appealed.

The rule applicable to sales made by a trustee is well settled in this State. Before ratification of sales in equity, all objections to it are open for consideration; and the sale will be set aside if it does not appear to be in all respects fair and proper. *Tomlinson* v. *McKaig*, 5 Gill, 256. "Any misdescription of the estate or of the nature or extent of the property, in a material and substantial point, so far affecting the subject-matter of the contract as that it may be reasonably supposed that, but for such misdescriptions, the contract would not have been made at once avoids the contract and releases the purchaser if he so elect." *Rayner* v. *Wilson*, 43 Md. 444; *Keating* v. *Price*, 58 Md. 536.

It is immaterial whether such misrepresentations were innocently made or not, if they are so material and substantial that they reasonably may be supposed to have influenced the purchaser. *Gunby* v. *Sluter*, 44 Md. 247–248. The petitioner complains that the advertisement states that the ground rent was " on the Calverton Stockyard," whereby the impression was created upon him that " he was purchasing a ground rent on the Calverton Stockyards, or at least upon certain property covered by these stockyards." This statement, the appellee

contends, could not have misled him as to the actual location of the property, because of the fact that the advertisement contains a careful and accurate description of the lot by metes and bounds. It is stated therein to front on W. Fayette street, 344 feet, and thence by courses and distances bounding on certain designated roads, to the place of beginning; and further the prospective purchaser is referred to a " plat and full description of the lot at the office of the auctioneer." , If he had been upon the lot it would have been in his power to determine with precision the exact location, whether the statement was made or not (that it was " on the Calverton Stockyards)."

But it must be borne in mind, that the sale was being made at the Real Estate Exchange Sales Rooms, far distant from the site, and the petitioner relied on, and was forced to rely on, the representations there made. He was there told by the advertisement that the rent was on the Calverton Stockyards, and he could well have supposed that by this it was meant that it was located within the bounds of what was then, or at one time had been, the stockyards. The description by metes and bounds would have been of much service if he had undertaken to locate the lot; but he accepted the statement that the rent was on the Calverton Stockyards; that was clear, and gave him not only his impressions as to the location, but also helped him to form his estimate of its value. In point of fact, the rent was not on the stockyards, or on ground once or ever occupied for the purposes of the stockyards. The statement was untrue. It seems to have been made innocently by the appellee and his agents who were themselves misled by the fact that some persons spoke of the whole region thereabout as the stockyards; but the effect of the statement upon the petitioner, who believed in its accuracy, was the same as if the misrepresentation had been made with the intention of deceiving.

The second ground of objection is, that at the sale the auctioneer stated that the lot was owned and occupied by Gray and Judic, who were still paying the rent and had paid

it for a long time.   It was not incorrect that Gray and Judic
had been paying the rent, but the appellee insists that he then
believed they were still doing so.   There is some conflict in
the proof as to what the auctioneer actually did state, but it
may be assumed from the proof that it was stated that Gray
and Judic paid the rent, and had paid it for a long time;
whereas, in fact, at that time, these persons had sold and
transferred the lot and no longer were the lessees of the prop-
erty.   It may be correct to say that the value of a ground
rent depends principally upon other considerations than the
character of the tenant, yet it cannot be said that that is im-
material.   The character of the tenant has much to do with
the desirability of the property.   If the owner of the lease-
hold be a person of known integrity and business ability, there
are many persons who would be attracted thereby to become
purchasers.   The very fact of the ownership of such a person
would be regarded as being, to some extent, an assurance of
its value.   It was not true in fact that Gray and Judic owned
the leasehold; they had sold out without the fact being known
to the landlord—but the petitioner was misled by the state-
ment and induced thereby to become a purchaser.

Without prolonging this opinion it is sufficient to say that
in our opinion under these circumstances he should not be
compelled to take the property.

*Order reversed and cause remanded.*

(Decided July 2nd, 1903.)