# WM. R. HALL

*vs.*

# THOMAS G. BROWN.

*Sale of land: misrepresentation; mere expressions of opinion,
not ground for rescission of contract.*

A vendor must be prepared and able to convey to the purchaser an estate or interest substantially corresponding with that bargained for and agreed to be sold, as well in regard to the tenure and the situation as to the condition and natural advantages of the property.          pp. 172-173

Any misdescription of the estate or interest, or nature and extent of the property, in a material and substantial point, so far affecting the subject-matter of the contract that it may reasonably be supposed that, but for such misdescription, the contract would not have been made, avoids the contract and releases the purchaser.          p. 173

The representation, to be material, must be in respect to an ascertainable fact, as distinguishable from a mere matter of opinion.          p. 173

Fraud or misrepresentation as to the quality or condition of premises contracted for, is a ground for rescission, provided the statement is material, is not the mere expression of an opinion, and provided that the purchaser relies on it, and is deceived, and providing that it concerns a matter which can not be discovered by ordinary observation, and that the vendor does not, by artifice or deceit, prevent the purchaser from discovering the true state of facts by an inspection.          p. 173

In walking over property of 20 acres with a prospective purchaser of a part of it, who had testified that he had hunted over the property as long as he had lived in the neighborhood, some 17 years, the vendor said there was wood enough in the tract he was to sell to pay for it; in an action in assumpsit by the vendee to recover the cash payment subsequently made on account of the purchase, on the ground of misrepresentation, it was: *Held,* that in view of all the circumstances, the vendee should have known that such a statement by the vendor was a mere expression of opinion. p. 174

*Decided May 12th, 1915.*

Appeal from the Circuit Court for Howard County. (THOMAS, C. J., FORSYTHE, JR., J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Edward M. Hammond* (with whom was *Joseph L. Donovan,* on the brief), for the appellant.

*James U. Dennis* and *James Clark,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

In an action of assumpsit for money had and received by the appellee for the appellant, the Court below granted a prayer instructing the jury to return a verdict for the appellee. From the judgment thereupon entered this appeal was taken.

The prayer in effect being a demurrer to the evidence, we will consider that offered on behalf of the plaintiff; assuming, of course, for the determination of the correctness of

the ruling, its truth. The appellant, plaintiff below, brought his action to recover from the appellee a sum of money paid by him in part payment on account of the purchase money for a farm, purchased by him from the appellee, but which purchase he rescinded and refused to complete, because of certain alleged misrepresentations made by the appellee to induce him to make the purchase, and which representations were later discovered to be false.

The parties both were employed in a cotton mill at Alberton, and had both lived in the town for several years; the appellant for seventeen years and the appellee thirty. The property over which the dispute arises is located about one-quarter of a mile from that town and is part of a large tract known as the Oldfield property. The appellee had purchased the whole tract, and approached the appellant with a view to selling to him a portion of it, including the portion on which the mansion house stood. According to the testimony of the appellant the appellee came to him at the mill, and, in the language of the witness, "told me that he had purchased the Oldfield property and asked me if I wanted to buy a piece of it. I told him I did not know. Then he told me to walk up after supper and look it over." About seven o'clock that evening, which was the 12th day of August, they went over the property, spending about one-half hour in the inspection. Again, in the words of the witness: "He commenced talking about laying off lots there and saying what a fine place it was, that a nice village could be built there. He told me there was enough wood on the place to pay for it, and he valued the house at twelve hundred dollars." A bargain was made at that time at a price of twenty-five hundred dollars for twenty-five acres, about ten acres of which comprised woodland. An order upon a local building association was given by the appellant to the appellee for a portion of the purchase price, and arrangements were made by which the same building association was to loan the appellant the balance on a mortgage. The appellant further testified that

he had hunted, during the seventeen years he had lived in the neighborhood, over the Oldfield property as a whole, but not on the part he purchased, although he had gone through that part on more than one occasion. A week later the appellant had the woodland examined by a timber man, and was told that there was but little wood fit for sawing lumber from, but that the majority was only good for cord wood. Subsequently he saw the appellee, who again repeated that there was enough timber on the place to pay for it, but he told him there was not, and that he would not take it. He repeatedly refused to complete the purchase by accepting a deed and executing the mortgage, and thereupon the appellee sold the property to another party on January 26th next, and refused to repay him his part payment money. There was no testimony as to whether or not the house was worth twelve hundred dollars as represented.

The principles of law applicable to a state of facts as here presented are thoroughly settled by the decisions. The contention of the appellant is that he is entitled to recover because he had the legal right to rescind the contract, in that he was induced to enter into it through representations of the appellee which were false. That the misrepresentations consisted in representing the value of the wood on the property to be equal to the purchase price agreed upon for the whole property, and that but for such representation the purchase would not have been agreed upon. There was some contention between the respective counsel as to what the word "wood," as used in the alleged representation meant; whether it was broad enonugh to include timber that could be sawed into marketable lumber or should be taken in its literal and narrower meaning. For a determination of the question before us we can consider it in the sense contended for by the appellant, as meaning wood fit for lumber.

The Maryland decisions have firmly established the doctrine "that the vendor must be prepared and able to convey to the purchaser an estate or interest substantially corre-

sponding with that bargained for and agreed to be sold, as well in regard to the tenure and the situation, as the condition and natural advantages of the property. Any misdescription of the estate or interest or of the nature and extent of the property *in a material and substantial point,* so far affecting the subject-matter of the contract that it may be reasonably supposed that, but for such misdescription, the contract would not have been made, at once avoids the contract, and releases the purchaser from the bargain, if he so elects. *Rayner* v. *Wilson & Hunting,* 43 Md. 444; *Gunby* v. *Sluter,* 44 Md. 247; *Keating, Trustee,* v. *Price,* 58 Md. 536; *Doyle* v. *Whitridge,* 97 Md. 711; *Slingluff* v. *Dugan,* 98 Md. 518. The inquiry then naturally is, what is such a material and substantial misdescription as will entitle the purchaser to rescind? The answer is found in *Buschman* v. *Codd,* 52 Maryland, 202, where this Court said: "The representation, to be material, must be in respect of an ascertainable fact as distinguishable from a mere matter of opinion. A representation which merely amounts to a statement of opinion, judgment or expectation, or is vague and indefinite in its nature and terms, or is merely a loose conjectural or exaggerated statement, is not sufficient to support an action. And for the reason, that such indefinite representations ought to put the person to whom they are made, upon the inquiry, and if he chooses to put faith in such statements, and abstained from inquiry, he has no reason to complain." In 39 *Cyc.* 1268, the rule is stated as follows: "Fraud or misrepresentation as to the quality or condition of the premises con tracted for is ground for rescission, provided the statement is material and is not the mere expression of opinion; and provided the purchaser relies upon it and is deceived, and the statement concerns a matter which can not be discovered by ordinary observation and the vendor does not by artifice or deceit prevent the purchaser from discovering the true state of facts by means of inspection. Even an innocent misrepresentation as to quality may avoid the contract."

Applying these principles to the facts of this case, we are of the opinion that the representation made, assuming its falsity, was nothing more than an expression of an opinion and gave the appellant no right to rescind his agreement and thereby reclaim his part payment money. Here were two men walking over a tract of only twenty-five acres of land with a view to one selling and the other purchasing—property with which both were more or less familiar—and the seller, during the course of bargaining, says: "There before your eyes, to be seen, is enough wood to repay you the entire amount I am asking you for the whole property." Can there be any doubt but that the purchaser knew this was a mere expression of opinion, and was so meant by the appellee? To hold otherwise, would be to permit anyone, who had made a bad bargain or was tired of his purchase, to escape his just obligations, by imputing importance to each exaggerated statement made by the seller during the course of dealing. If the appellant was induced to purchase because of the estimated value of the wood, it was his duty, if, through inexperience, he was unable to judge of its value after seeing it, to have abstained from making a bargain until he could have ascertained its value from an experienced source, and not have relied upon the judgment of the seller.

The case of *Mooney* v. *Miller,* 102 Mass. 217, is strongly like the present case in its facts. Among the representations relied upon to sustain the action was the statement of the defendant to the plaintiff while they were driving over the property, "that there was as much wood on the place as would pay for the whole land." The Court held that this was a mere expression of opinion and would not sustain an action.

There are three exceptions to evidence in the record, but it is not necessary to discuss them. For, with our opinion of the law of the case, they are rendered unimportant.

The judgment of the lower Court will be affirmed.

*Judgment affirmed, with costs.*