By the Court,
G-rimke, Judge.
The verdict in the case below was ■a general one of not guilty. The jury did not pass upon the issues joined by two of the defendants. 1 his has heretofore been held a sufficient ground for reversing the judgment, 5 Ohio, 227 ; and the question is, whether under the provision of our two late statutes, this court can amend the defect. The act. of the 8th of March, 1831 permits amendments before writ of error sued out. That of the 25th of Feb. 1834, authorizes the court after writ of error to amend defects in the process or pleading. A verdict can not by any construction be considered as either process or pleading; and so this case is not within the provisions of that act. By the still later act of March 9, 1835, the courts are authorized before writ error brought to amend such formal defects as are not pointed out in a special demurrer; and even after writ error to amend a judgment or other proceeding. The first part of this section only authorizes amendments to be made where the defect is not relied upon on special demurrer. A defect in a verdict can not be the subject of demurrer, and so thatprovision does not embrace the case before us. Is it comprehended in the latter clause ? That, like the act of 1834, permits amendments after writ of error, only it is broader in its terms, using the words judgment or other proceedings ; but the section contains this language also, and yet, as has been before said, a verdict can not be considered as within its scope. The truth is, a verdict does not come witbin any of our statutes of amendment. The court is there Jert to exercise the power which it derives from the common law. And there is a peculiar fitness in that power being exercised only by the court who tried the cause. No other tribunal can kuow the facts which will authorize the amendment.
In (he coarse of the trial, the plaintiff introduced a transcript of the docket of the justice of the peace, showing that a criminal prosecution had been commenced against J. J. Clark, (who had now pleaded not guilty), and that upon that trial he had pleaded guilty. The court below charged the jury that said Clark was estopped, and that the proceedings before the justice were conclusive of his guilt. There is an authority to this effect from the most ancient book of reports which we have referred to in Phil. Ev. 259, but it is at war with the whole current of modern decisions. The record in the original prosecution not being between the same parties, can not be conclusive in *the civil *131 action, and the plea, considered by itself, only amounts to a confession, •which can not have any higher effect than would the record which is founded upon it.
This judgment is, therefore, erroneous as to all the defendants, which renders it unnecessary to decide, whether, if it should be reversed as to some, it must be reversed as to all. 8 Cow. 406 ; 11 Wend. 91.
Judgment reversed.