## FRIERSON v. JENKINS.

RES ADJUDICATA—ESTOPPEL.—A JUDGMENT in a criminal prosecution does not support the plea of *res judicata* in a civil action.

Before PURDY, J., Lee, March, 1905.    Affirmed.

Action by Eliza Frierson against Mary Jenkins, *alias* Frierson, Katie Jenkins, *alias* Frierson, and Nathan Barnett. From order striking out portions of defendants' answers, they appeal.

*Messrs. McLauchlin & Herndon,* for appellants, cite: *Statements in answers are of material facts and should be allowed:* 43 S. C., 17; 9 S. C., 138; 27 S. C., 164.    *Circumstances and remote facts may be pleaded:* 6 S. C., 128; 60 S. C., 353; 44 S. C., 227.

*Mr. A. B. Stuckey,* contra, cites: *Criminal actions are no barrier to civil actions:* 21 Ency., 256; Whar. on Ev., sec. 777.

September 6, 1905.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    In this action for dower the plaintiff claims to be the widow of Richard Frierson, who was the owner of the land described in the complaint.    The defendant Mary Frierson alleges in her answer that she and not the plaintiff was the lawful wife of Richard Frierson, and that her daughter, the infant defendant Katie Frierson was born of her marriage with him; that Frierson left a will in force, and that she and her child are entitled to all his prop-

erty as his devisees and only heirs.    The Circuit Judge, on
motion, struck out the following, constituting the third
paragraph of the answer as irrelevant: "That during the
year 1903, at the June term of the Court of General Ses-
sions, the plaintiff herein prosecuted Richard Frierson for
bigamy in the criminal courts of Lee County, alleging and
claiming that Richard Frierson, as her lawful husband, had
intermarried with this defendant, Mary Frierson; that after
a fair trial before an intelligent white jury of Lee County,
the said Richard Frierson, admitting his marriage with this
defendant, Mary Frierson, and denying any marriage with
the plaintiff, Eliza Frierson, was acquitted, thus making the
question, 'Who was his lawful wife,' *res adjudicata,* which is
herein and hereby pleaded as an absolute bar to the plaintiff's
right of recovery."

On the same ground, the corresponding paragraph in the
answer of the defendant Nathan Barnett, who claimed to be
a mortgagee and executor of the will of Richard Frierson,
was also struck out.    The defendants appeal.

It is well established that a judgment in a criminal pro-
ceeding does not support the plea of *res judicata* in a civil
action.    The reason is thus clearly stated in 2 Black on
Judgments, sec. 529 : "Since the parties to a criminal prose-
cution and those in a civil suit are necessarily different, and
as the objects and results of the two proceedings and the
rules of evidence which apply to them respectively are equally
diverse, it follows that the judgment in the former cannot be
used by way of estoppel in the latter, save for the single pur-
pose of proving its own existence, if that becomes a relevant
fact."    Van Fleet on Former Adjudication, sec. 485, *et seq.;*
24 A. & E. Ency. Law, 831; Wharton on Evidence, sec.
777.

The judgment of this Court is, that the judgment of the
Circuit Court be affirmed.