## MICHAEL PUGACZEWSKA ET AL. *v.* MARY MASZKO.

[No. 25, October Term, 1932.]

*Decided November 30th, 1932.*

356

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Marion A. Figinski,* for the appellant.

*Jere J. Santry,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Superior Court of Baltimore City, entered on a verdict for the plaintiff in an action for assault and battery.

There was in the case evidence tending to prove these facts: Mary Maszko, Michael Pugaczewska and Leokadya Pugaczewska, his wife, all live in the Locust Point section of Baltimore City. On May 16th, 1931, as the result of a quarrel between their children, Mrs. Maszko approached Mrs. Pugaczewska and complained to her of the conduct of her little boy. A quarrel followed, hard words were exchanged, which were followed by an earnest and spirited physical encounter in which Mrs. Pugaczewska, who had a child in her arms, appears to have suffered most. After that conflict was ended, Mr. Pugaczewska, who had been told that Mrs. Maszko was "killing" his wife, came running up and at once assaulted and beat Mrs. Maszko. Pugaczewska was arrested and fined, and in the following month, Mrs. Maszko brought this action against him and his wife. The trial resulted in a verdict and judgment against both defendants, and from that judgment Leokadya Pugaczewska has appealed.

The record submits three exceptions: (1) To the action of the trial court in refusing to withdraw a juror and continue the case because a witness, a police officer, had stated that he had arrested Michael and that he had been fined ten dollars and costs; (2) to the action of the trial court in overruling a prayer for a directed verdict in favor of Leokadya

Pugaczewska; and (3) to the action of the trial court in overruling appellant's motion for a new trial.

The first exception involves these facts: Sergeant Harry Earnest, a witness for the plaintiff, after testifying that the combatants had been separated when he arrived at the scene, said, "I placed him," meaning Pugaczewska, "under arrest and took him to the Southern Police Station, and he was tried that afternoon and fined ten dollars and costs." Thereupon, counsel for both defendants asked "for the withdrawal of a juror for a mistrial." The testimony was obviously inadmissible as substantive evidence in chief, and would no doubt upon a proper motion have been stricken out (*Balto. & O. R. Co. v. Strube,* 111 Md. 126, 73 A. 697), but no such motion was made, and the question before us is whether the court abused its discretion in refusing under those circumstances to withdraw a juror and continue the case. The question is not wholly free from difficulty, because of the form in which it is presented. The testimony of Earnest preceding and including that statement is given in narrative form, and fails to show whether the statement was made in answer to a question to which the appellant might have objected, or whether it was a mere voluntary contribution by the witness. The orderly procedure in the latter case would have been for the appellant to move that the statement be stricken out, but no such motion was made. Nevertheless, as soon as the objectionable character of the statement was called to the attention of the trial judge, he should have cautioned the jury to disregard it. No such caution was given, and the question therefore is whether, in refusing to withdraw a juror and continue the case under those circumstances, the trial court committed reversible error. Before considering the law relating to that question, a brief reference to the evidence and the issues in the case to which the law must be applied is necessary.

The declaration is against Michael and Leokadya Pugaczewska as for a joint tort. There was evidence in the case to support the hypothesis that Michael and Leokadya had each been guilty of a several and independent assault and battery

upon Mrs. Maszko, but no evidence of any kind that they had committed a joint assault upon her. On the contrary, all the evidence in the case proved that the first fight, that between the two women, had ended, and that Mrs. Maszko was returning to her home before Michael Pugaczewska appeared at all. And when he did appear it was not in answer to any appeal 'from his wife, but as the result of a statement by a neighbor that Mrs. Maszko was "killing his wife." Nor does it appear that Mrs. Pugaczewska took any part in her husband's attack on Mrs. Maszko, or that she instigated, advised, incited, or consented to it.

But the only theory on which the plaintiff was entitled to recover under the declaration was that Michael and Leokadya Pugaczewska had jointly assaulted and beat her, and that is what the verdict of the jury decided. Under such circumstances it cannot be said that the appellant was not injured by the refusal of the trial court to withdraw a juror and continue the case, because it cannot be said that the jury was not influenced by the irrelevant statement that in another tribunal her husband, who was sued jointly with her as for a joint assault, had been found guilty and punished in a criminal prosecution based on the very facts in issue before the jury in this case. If the trial court had instructed the jury to disregard the statement, it is highly improbable that any prejudice to the appellant would have resulted from it, but in the absence of such a statement the jury may, and with some reason, have inferred that the plaintiff had been exonerated from fault because one impartial tribunal had already upon the facts before them convicted one of the codefendants of assaulting and beating her. It may indeed be said that the conviction of the husband alone was not likely to mislead the jury into believing that for that reason he and his wife had committed the assault jointly. But to so hold would be to attribute to the average juror technical legal knowledge which he does not possess.

It is not, of course, every irrelevant statement by a witness which would justify so drastic a remedy as withdrawing a juror and continuing a case, for if that were true the orderly

administration of justice would be more in the hands of witnesses than in the courts. But where the attention of the court is directly called to the fact that an improper statement has been made by a witness which may prejudice the opposite party, it should at once move to protect that party. For as was said in *Surface v. Bentz,* 228 Pa. 610, 77 A. 922, 923, "It is equally true that for any irrelevant or improper matter tending to prejudice or mislead the jurors and placed before them by a witness, especially by a witness who is also a party, the court should act promptly and protect the party whose cause is exposed to the improper influence upon the minds of the jury. It is quite as necessary to protect a party against the improper remarks to a jury made by a witness as it is against such remarks when uttered by counsel. In either case, it is inexcusable, and the only protection the injured party has must come from the court, and it should act promptly in the matter." What measures are to be taken to afford that protection is ordinarily in the sound discretion of the trial courts. And in reference to that it was said in *Nelson v. Seiler,* 154 Md. 72, 139 A. 564, 567: "Generally, the choice of measures to protect the fair, unprejudiced working of its proceedings is left to the discretion of the trial court, and only in exceptional cases will its choice be reviewed in this court. In the greater number of instances the injection into a trial of matter other than that involved in the issue to be decided is cured by withdrawal of it and an instruction to the jury to disregard it, but there may, of course, be instances in which it would not be cured in this way and terminating the trial and taking the case up afresh before another jury would be the only adequate means of correction. Those instances are exceptional, but they do arise." But in this case nothing whatever was done except overruling the motion, and under its facts the refusal of that motion, together with the failure of the court to warn the jury to disregard the statement, constituted reversible error.

2. We find no error in the refusal of appellant's demurrer prayer. It made no reference to the pleadings, so that the question it submitted was whether there was any evidence

legally sufficient to entitle the plaintiff to recover against Leokadya Pugaczewska. The only question raised by such a prayer is whether, upon the evidence apart from the pleadings, the plaintiff is entitled to recover in any form of action. *Rosenkovitz v. United Rys. & Elec. Co.,* 108 Md. 311, 70 A. 108; *Atlas Realty Company v. Galt,* 153 Md. 586, 139 A. 285.

So that in this case the only question raised is whether there was any legally sufficient evidence to show that the appellant had assaulted and beat the plaintiff. As to that, without pausing to review it in detail, it is sufficient to say that, if true, the plaintiff's evidence was undoubtedly sufficient to support a verdict in her favor.

3. The third exception is to the refusal of the trial court to grant appellant's motion for a new trial. It has been so frequently and so flatly decided by this court that such a motion is within the discretion of the trial court, and that the exercise of that discretion, whether right or wrong, will not be reviewed on appeal, that further reference to the question is needless. See cases collected in *Brantly's Digest, Carter's Digest,* 1185, *Supp. IV to Maryland Digest,* 333. That ruling will not therefore be reviewed.

> *Judgment reversed, and cause remanded for a new trial, with costs to the appellant.*

DIGGES, J., dissenting.