**STOVER, Plaintiff-Appellee, v. YOAKUM, Defendant-Appellant.**

Ohio Appeals, Second District, Clark County.

No. 496. Decided November 1, 1952.

William E. Bailey, Thomas E. Hackett, Springfield, for plaintiff-appellee.

Herman O. Abele, Fred M. Cole, James P. Wilson, Springfield, for defendant-appellant.

**OPINION**

By HORNBECK, PJ:

This is an appeal from a judgment of the Common Pleas Court for the sum of $19,388.66 in favor of plaintiff and against the defendant on an action for damages for personal injuries. The injuries arose by reason of a collision of a Dodge Sedan which plaintiff was driving with a Studebaker truck which Ray Ward, an employee of defendant, was driving.

The collision occurred on June 5, 1950 at an intersection of the Middle Urbana Road with the Villa Road. The Plaintiff was driving north on the Middle Urbana Road and defendant's driver was moving easterly on the Villa Road. On the latter road there was a stop sign at the intersection.

The petition set out four specifications of negligence, namely; failure of the driver to stop for the stop sign before entering the intersection, failure to keep a look out, to yield the right-of-way and to keep the truck under control. The defendant answering admitted certain formal averments of the petition, that there was a stop sign at the intersection; "that plaintiff was injured in said collision and admits that the injuries to the plaintiff were and are set forth in the petition, denies that said injuries damaged plaintiff in the sum alleged." Generally denied any negligence and set up four particulars in which it was claimed that the plaintiff was negligent, namely; excessive speed, failure to keep a look out, failure to yield the right-of-way and failure to keep the motor vehicle under proper control. The reply was a general denial of the answer. The judgment was entered on the verdict of a jury.

Appellant assigns five grounds of error. The first three of which relate to the admission of certain testimony. The fourth is directed to the general charge and the fifth is the claim that the damages were excessive and induced by passion or prejudice.

The first assignment of error is that the Court erred in admitting, over the objection of defendant-appellant, evidence of the arrest of defendant-appellant's driver. The second assignment is that the Court erred in admitting evidence of a bail forfeiture by defendant-appellant's driver and the third assignment is that the Court erred in refusing to direct and instruct the jury upon request of defendant-appellant to disregard any and all evidence of the arrest of defendant-appellant's driver and to the fact that he did or did not forfeit bail.

On cross-examination of Mr. Ward, defendant's driver, he was required to answer the question, over objection, whether

or not he had been arrested as a result of the accident. He was also asked whether he had been convicted which was not answered and inquired of whether or not he had forfeited a bond, and he said that he had. Upon the admission of the testimony respecting the bond the Court said

"I don't think so many questions are necessary. You are attempting to prove that at the time of the hearing the man failed to appear and forfeited his bond. * * * That would be competent. It is the same as any other admission against interest."

On cross-examination Cecil Carter, an employee of defendant who was riding in the truck with Ward, was permitted over objection to answer the question "as a result of this accident do you know whether or not he (Ward) was arrested?" To which he answered in the affirmative. At the conclusion of the case on the evidence, counsel for defendant moved the Court to direct the jury to disregard any and all evidence of the arrest of Ward and any and all evidence in regard to the fact of whether he did or did not forfeit bail which motion was overruled and exception noted.

The extent to which either of these witnesses could properly have been interrogated on cross-examination respecting the commission of a criminal offense would have been to inquire whether or not he had been arrested and convicted of an offense. The purpose of such examination to affect the credibility of the witness if it appeared that such witness had been arrested and convicted. The rule as to the admissibility of proof of conviction or acquittal of a criminal offense in a civil action, is set out in an annotation to Interstate Dry Goods Stores v. Williamson, 31 A. L. R. 261 and the rule is stated that by the great weight of authority

"a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered."

There are some authorities that hold that a conviction based on confession of guilt may be so admitted, although, in Ohio, it has been held that even such a conviction of guilt is not conclusive. **Clark v. Irvin, 9 Ohio 131,** Hendricks v. Foller, 16 O. C. C. 597.

It is only where the conviction is based on confession of guilt that the evidence may be said to be in the nature of an admission against interest. It may be this principle which the trial judge had in mind when he permitted the testimony of the arrest upon that theory.

This Court in April of this year in the case of **Barge v. House,**

Darke County, **63 Abs 555, 94 Oh Ap 515,** reversed a judgment for damages for personal injuries partly because the plaintiff was permitted to ask a highway patrolman if he had made any arrest as a result of a collision out of which the action arose and he testified that he had arrested the defendant.

Judge Williams in **Wolfe, Admr., v. Baskin, 137 Oh St 284** at page **289** says

"It is a general rule that in a civil action the question of arrest is immaterial. * * *. The same rule has been applied to non-arrest. * * *. Of course there may be instances in which the fact of arrest might be so closely identified with the transaction as to be part of the res gestae and therefore admissible in evidence." This conclusion is carried into the second syllabus in this language.—

"The arrest or non-arrest of a party unless a part of the res gestae is not admissible in evidence on the issue of negligence."

It is clear then that the admissions of the testimony of Ward that he had been arrested and the testimony of Carter to like effect and the refusal of the Court to instruct the jury to disregard such testimony was erroneous. It likewise was improper to admit the testimony respecting the forfeiture of the bond.

If evidence affecting credibility of a witness must be restricted to proof of arrest and conviction it is obvious that proof of an arrest and forfeiture of bond would not meet the test of admissibility. Many reasons might attend which would explain the choice of a defendant to forfeit his bond rather than to appear and go to trial and which would not constitute an admission of his guilt of the offense charged.

It appearing that the evidence was improperly admitted was it prejudicial to the defendant? When error is shown to have intervened it is presumed to be prejudicial. **Siccora v. Bauer, 8 Abs 530; Henkle v. McClure, 32 Oh St 202; Sherer v. Piper and Yenney, 26 Oh St 476.**

An examination of the record is convincing that, in probability, the principal issue between the parties related to the claimed failure of defendant's driver to stop his truck as he entered the intersection where the collision occurred.

There was testimony of two disinterested eye witnesses, as well as the plaintiff, to the collision that Ward did not stop before he entered the intersection and of a Deputy Sheriff who investigated the accident soon after it occurred that Ward had told him he did not stop but slowed down. However, the driver and Mr. Carter, who was riding along side

him in the truck, stated that Ward did come to a complete stop as he entered the Middle Urbana Road. When, then, in addition to the testimony of witnesses against the defendant's contention the jury also was improperly permitted to consider the arrest of Ward and his forfeiture of bond as it reflected on his negligence, it may have had weight in convincing the jury to return the verdict against the defendant.

It is suggested by counsel for appellee that the arrest may have been a part of res gestae. There is nothing whatever in the record which would support this conclusion and it is not probable that any officer was at the scene of the accident or so identified with it that it could be found that the arrest was a part of the res gestae.

We are required to hold that upon the record and the controlling authorities in Ohio and elsewhere the first three errors assigned are well made.

The fourth assignment is that the Court erred in saying to the jury that

"the plaintiff might recover if he proved by a preponderance of the evidence that his injuries and damages occurred as a proximate cause of the accident."

This, of course, was not correct but we would not hold that it was prejudicial in the light of the charge in its entirety and it can be corrected if the cause is retried. It is also asserted that the Court erred in saying to the jury that the defendant admitted the injuries alleged in the petition but denied responsibility therefor. This was not an exact statement of the position of the defendant in his amended answer upon which he went to trial although it would have been correct under the original answer. However, it could not have been prejudicial to the defendant because it may have required plaintiff to produce testimony which otherwise would not have been required.

The fifth assignment is that the damage was excessive and given under the influence of passion or prejudice. The verdict and judgment are substantial but the injuries were severe and permanent and plaintiff was a young man with fine earning capacity. The cause was tried without any suggestion of undue feeling and nothing whatever, unless it would be the amount of the verdict, suggests undue influence upon, or passion or prejudice on the part of the jury. The amount of the verdict does not require such conclusion.

The judgment will be reversed upon the first three errors assigned.

WISEMAN and MILLER, JJ, concur.

## ON MOTION TO CERTIFY RECORD

No. 496.  Decided December 30, 1952.

### OPINION

By THE COURT:

Submitted on motion of plaintiff-appellee to certify the record in this case to the Supreme Court of Ohio because the decision in this Court is in conflict with a decision of the Court of Appeals of Hamilton County in the case of **Sweeney v. Schneider, 73 Oh Ap 157.**

We find no conflict in the law of the cited case with any principle of law enunciated or followed in the decision in the instant case.

The motion will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.