DR. CHARLES E. SMITH, Plaintiff-in-Error, v. RAY
PHILLIPS, Individually and for Use and Benefit of
MOTORS INSURANCE CORP., Defendant-In-Error.
—309 S. W. (2d) 382.

Western Division at Jackson. December 20, 1956.

Petition for Certiorari denied by Supreme Court April 1, 1957.

Don G. Owens, Memphis, for plaintiff in error.

Ray Churchill, Memphis, for defendant in error.

CARNEY, J. The defendant below, Dr. Charles E. Smith, appeals in error from a judgment of $3,750 rendered against him in favor of the plaintiff below, Ray Phillips individually and for the use and benefit of Motors Insurance Corporation. The lawsuit arose out of a collision between the tractor-trailer truck loaded with lumber owned by the plaintiff, Ray Phillips, and a pick-up truck owned by and registered in the name of Dr. Charles E. Smith.

The accident occurred about 7:30 p.m. on September 11, 1950, on Poplar Pike or Highway No. 72 near Germantown, Tennessee. At the time of the accident the pick-up truck was occupied by Robert Lee Blocker and Clarence Lee McKinney, two colored employees of the defendant, Dr. Charles E. Smith, but the testimony is conflicting and uncertain as to which of these two was driving the truck at the time of the collision.

The plaintiff below proved that the pick-up truck was registered in the name of the defendant, Dr. Charles E. Smith, and relied upon the statutory presumption of ownership and agency as provided in 1932 Code Section 2702 (T. C. A. sec. 59-1038). Said Code Section is as follows:

"59-1038. Registration prima facie evidence of ownership and that operation was for owner's bene-

fit.—Proof of the registration of said motor propelled vehicle in the name of any person, shall be prima facie evidence of ownership of said motor propelled vehicle by the person in whose name said vehicle is registered; and such proof of registration shall likewise be prima facie evidence that said vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of his employment. (Acts 1921, ch. 162, sec. 2; 1923, ch. 59; Shan. Supp. sec. 3079a198b2; mod. Code 1932, sec. 2702.)''

The defendant, Dr. Charles E. Smith, testified that at the time of the collision the said truck was being used by his two employees without his knowledge or consent and in violation of his express instructions and that they were using said truck for a mission or purpose of their own and not on any business for Dr. Smith: In substance, that the truck was stolen.

One of the Negroes, Robert Lee Blocker, testified as a witness for the defendant, Dr. Charles E. Smith.

Robert Lee Blocker testified as a witness for Dr. Smith that on the day in question he and Clarence McKinney left Arkansas in the pick-up truck and drove toward the Smith home on Poplar Pike; that they stopped on the way and got some beer and that he, Blocker, let McKinney drive the pick-up truck because McKinney knew the way better than he did. He further testified that after they drove the truck and left it in the yard at Dr. Smith's home he and McKinney went back and got the truck and McKinney drove it to a place where they procured more beer and were going to the home where Blocker's girl friend lived or worked; that they reconsidered before

reaching his girl friend's and had turned around and started back west on Poplar Pike when the collision occurred; that McKinney was driving and that they both ran away from the scene of the collision before the officers came.

The plaintiff introduced testimony by both Dr. Smith and Robert Lee Blocker given at a former trial involving this same collision to impeach both witnesses in their testimony concerning the details of the collision. In addition, it was insisted by the plaintiff that the testimony of the defendant, Dr. Charles E. Smith, was impeached by his own testimony, the testimony of his wife and the testimony of the Negro employee, Robert Lee Blocker.

The Trial Judge charged the jury on the question of impeachment of Dr. Smith and his witnesses as follows:

"With reference to the issue of agency, that is, with reference to the issue of whether or not the driver of the pick-up truck was the employee of the defendant, acting in the course or scope of his employment, you heard read to you a statute of the State of Tennessee, which I will re-read. The statute says:

" 'Proof of the registration of said motor propelled vehicle in the name of any person, shall be prima-facie evidence of ownership of said motor propelled vehicle by the person in whose name said vehicle is registered; and such proof of registration shall likewise be prima-facie evidence that said vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of his employment.'

"Now, that statute is prima-facie evidence; it is not substantive evidence of the operation of the vehicle about the business of the master at the time of the happening of the accident, if there is testimony from witnesses before the jury as to what the actual use of the vehicle was at the time of the accident. If the jury finds that all of the witnesses who have testified as to the actual use of the vehicle at the time of the accident, if all of those witnesses are contradicted about material matters, and further if the jury goes further and that because of that, disbelieves all of the testimony of the witnesses as given from the witness stand about what the actual use of the vehicle was at the time of the happening of the accident, and give no weight, credit or value to that testimony as to what the actual use was, then that statute would still under our common law make out a prima-facie case of use about the owner's business by his employee within the course and scope of his employment."

The jury found the issues in favor of the plaintiff below and the Trial Judge rendered judgment on the verdict.

Plaintiff-in-error, Dr. Charles E. Smith, has made the above quoted portion of the charge of the Trial Judge the basis of his assignment of error No. 5.

Assignments of error 1, 2, and 3 all raise the one question as to whether or not the defendant, Dr. Charles E. Smith, introduced credible evidence sufficient to destroy the presumption of agency set out in Code Section 2702 (T. C. A. sec. 59-1038) quoted above. It was his insistence below and it is his insistence on this appeal that he

was entitled to a directed verdict because the plaintiff introduced no direct evidence to contradict Dr. Smith's testimony that at the time of the collision the Negroes were using the truck in violation of his instructions and for a mission of their own and not in the business of Dr. Smith.

Assignment of error No. 4 is predicated on the exclusion by the Trial Judge of proof by Dr. Smith that some six or eight months after the collision one of the Negroes, Clarence McKinney, was arrested, indicted and convicted in the criminal court of Shelby County for the unlawful use of the pick-up truck without Dr. Smith's consent.

In our opinion the testimony of Dr. Smith was impeached with reference to a number of material facts: A State Highway Patrolman, Mr. Rogers, testified that in the course of his investigation of the wreck that night he traced the license plates on the truck and found that Dr. Charles E. Smith was listed as the owner; that he went immediately to Dr. Smith's home and told him his pick-up truck had been involved in a wreck on Poplar Pike and that Dr. Smith told him his pick-up truck was in Arkansas at that time.

Further the Highway Patrolman testified that the next morning Dr. Smith was down at the office of the Highway Patrol and tried to get the Highway Patrol to show on their reports that the truck had been reported as stolen at the time of the collision. This Mr. Rogers refused to do because it was untrue. The truck had not been reported as stolen as of the time of the collision.

Patrolman Rogers testified that about six months later Dr. Smith was back at the Highway Patrol office and

reported that Clarence McKinney had stolen the truck and was driving at the time of the collision.

Dr. Smith testified that when the patrolman came to his home to inform him about the wreck that he told him that the pick-up truck had been stolen. The Highway Patrolman, Rogers, expressly denies this and insists that Dr. Smith did not tell them the truck was stolen until the next day when he wanted them to change their records.

Sometime after the collision occurred in 1950, Dr. Smith filed a lawsuit in the Circuit Court of Shelby County, Tennessee, against Ray Phillips in which Dr. Smith sought recovery for damages which his pick-up truck sustained in the collision. In his declaration in describing the circumstances of the collision he set out in substance, that Dr. Smith's "bailee" was the driver of the pick-up truck.

Mrs. Smith, wife of Dr. Smith, testified that on the day of the collision the two Negroes brought the pick-up truck home from Arkansas and left it in the yard and that she did not see them come back and get the truck. Further she testified that Dr. Smith came home about 6:00 p.m. and asked about the truck and she told him it was in the yard whereupon he looked and noticed that the truck was not in the yard.

Further she testified that Dr. Smith had given the houseboy, Robert Lee Blocker, explicit instructions not to use the truck after dark for any purpose, even for Dr. Smith.

Dr. Smith testified that Robert Lee Blocker had no regular hours and that if Mrs. Smith wanted him to go

to the store, Robert Lee Blocker would use the pick-up truck to go. Mrs. Smith testified that she didn't know for what purpose the truck was being used.

Dr. Smith testified that he only had two employees working for him on the day of the collision; namely, Robert Lee Blocker and Clarence McKinney, and that Robert Lee Blocker was in charge of both trucks.

Robert Lee Blocker testified as a witness for Dr. Smith that he had three employees; himself, Clarence McKinney and another Negro, Eddie Lee, and that Eddie Lee was in charge of one of the trucks and that he, Robert Lee Blocker, was in charge of the other.

Dr. Smith testified that he explicitly told Robert Lee Blocker never to let Clarence McKinney drive the truck because he had no driver's license.

Robert Lee Blocker testified that Dr. Smith had never mentioned to him anything about not letting Clarence McKinney drive.

The pick-up truck bore a farm license which resulted in a saving of approximately $10 per year in license fees based on the affidavit signed by Dr. Smith that the pick-up truck would be used exclusively for hauling farm and dairy products. Attorney for plaintiff cross-examined Dr. Smith considerably about this affidavit with a view to establishing that Dr. Smith did use the pick-up truck for general utility purposes and not exclusively for farm purposes.

In this connection Dr. Smith testified that at his home they had a garden from which they hauled produce to sell on the Memphis market.

The handy man, Robert Lee Blocker, testified that they did not raise produce or haul dairy products from the home on Poplar Pike and that he didn't haul any vegetables from the Smith home to the market.

Mrs. Smith also testified that they did not have a garden and that they did not sell any produce from such garden on the market.

Robert Lee Blocker testified that at the time of the accident he had been working for Dr. Smith about three years and that Dr. Smith provided him with a room on the premises of Dr. Smith's home. Mrs. Smith testified that she did not know where Robert Lee Blocker had been living but that he had not lived at her house.

Dr. Smith testified that Robert Lee Blocker would run errands with the pick-up truck. Robert Lee Blocker testified that he did not run any errands but only hauled brick and shrubbery and would drive the truck to work on the farm in Arkansas.

Mrs. Smith testified that she did not even know whether or not Dr. Smith had another farm near their home and near White Station though Dr. Smith and Robert Lee Blocker both testified affirmatively that he did own such a farm.

It appears that there was another trial in federal court involving this same collision in which Dr. Smith testified in substance, that his only knowledge that the Highway Patrolman came to his home was that the maid told him. His testimony in the present trial is to the effect that they knocked on his door and talked with him about the truck in person at his home.

Another impeachment of Dr. Smith is to be found in the testimony of Mr. Samuel C. Halliburton, a deputy sheriff of Shelby County, Tennessee, who testified that he received a summons for Dr. Smith and Robert Lee Blocker and that at the time he served the process on Dr. Smith he asked the whereabouts of Blocker and Dr. Smith informed him that he did not know where his witness, Robert Lee Blocker, was.

Robert Lee Blocker testified that he had been seeing Dr. Smith regularly since the collision in 1950 and that, in substance, Dr. Smith knew where he was.

Robert Lee Blocker testified that he never went with Dr. Smith to talk to the Highway Patrol after the collision whereas, Dr. Smith and Patrolman Rogers both say that he did accompany Dr. Smith to talk to the Highway Patrol.

From our reading of the entire record we are of opinion that His Honor, the Trial Judge, properly ruled that the testimony of Dr. Smith and Robert Lee Blocker, offered in the rebuttal of the presumption of agency provided for in Code Section 2702 (T. C. A. sec. 59-1038) was sufficiently impeached or challenged as to prevent the destruction of the presumption of agency under the statute and that, therefore, it became a question for the jury to pass upon the credibility of Dr. Smith and Robert Lee Blocker.

Therefore, the Trial Judge was correct in overruling the motion of Dr. Smith for a directed verdict and assignments of error 1, 2 and 3 are overruled. Southern Motors v. Morton, 25 Tenn. App. 204, 154 S. W. (2d) 801; McParland v. Pruitt, 39 Tenn. App. 399, 284 S. W. (2d) 299, 301.

■ In view of the fact that we have decided that the testimony of Dr. Smith and Robert Lee Blocker were sufficiently impeached to make a jury question, we are further of the opinion that the charge which His Honor, the Trial Judge, gave on this question, quoted above, was proper and correct. Hence, assignment of error No. 5 must also be respectfully overruled.

■ In support of his insistence that the truck was stolen at the time of the collision, Dr. Smith sought to introduce testimony by the clerk of the criminal court showing the arrest, indictment and conviction of Clarence McKinney on charges of using the particular vehicle without the defendant's consent.

In the recent case of Inter-City Trucking Co. v. Mason & Dixon Lines, Inc., 38 Tenn. App. 450, 276 S. W. (2d) 488, the eastern section of this court held that a formal plea of guilty in a criminal case is not admissible as evidence in a civil case where the pleader is not a party defendant to the civil case.

This decision was based upon the authority of Tennessee Odin Insurance Co. v. Dickey, 190 Tenn. 96, 228 S. W. (2d) 73; 18 A. L. R. (2d) 1284, in which it was held that it was reversible error to admit in evidence the record of the insured's acquittal on the charge of arson in a civil case in which the bank as mortgagee was real party in interest in a suit on an insurance policy covering a truck belonging to the insured. Attorney for plaintiff-in-error very forcefully argues that this ought not to be the law. However, we feel that we are bound under these two decisions to overrule the assignment of error No. 4.

It follows, therefore, all of the assignments of error having been overruled, that the appeal-in-error must be dismissed and the judgment of the lower court affirmed. A judgment will be entered in this court in favor of the plaintiff below, Ray Phillips individually and for use and benefit of Motors Insurance Corp. in the amount of $3,750 together with interest from June 20, 1956, the date of overruling the motion for new trial.

The plaintiff-in-error, Dr. Smith, and his surety will be taxed with the cost of this appeal.

Avery, P. J. (W. S.), and Bejach, J., concur.