## AETNA CASUALTY & SURETY COMPANY *v.* BARRY A. KUHL ET AL.

[No. 61, September Term, 1982.]

*Decided August 11, 1983.*

The cause was argued before Murphy, C. J., and Smith, Eldridge, Cole, Davidson, Rodowsky and Couch, JJ.

*Thomas E. Lynch, III,* with whom were *James R. Eyler* and *Miles & Stockbridge* on the brief, for appellant.

*Daniel M. Clements,* with whom were *Samuel O. Jackson, Jr.* and *Israelson & Jackson, P.A.* on the brief, for appellees.

Cole, J., delivered the opinion of the Court.

The questions presented in this case are whether a conviction for assault and battery is admissible in a subsequent civil action to assert the facts arising out of the same incident and whether a signed written statement given to police in the criminal action and testimony of a police officer as to the statement are admissible in the civil action when the person who made the statement does not testify.

The parties submitted the case to the Court of Special Appeals on an agreed statement of the facts from which we distill the following events and facts to place these issues in proper focus. Aetna Casualty and Surety Company had issued two policies of insurance to Sellers Sales and Service, Inc., an automobile dealership which employed Leonard Richard Prahl as a salesman, and which made available to Prahl an automobile for business use. Prahl was operating the vehicle owned by Sellers at the time of the incident which is the subject of this litigation. Each policy of insurance provided coverage for bodily injuries sustained during an "occurrence" and each policy defined "occurrence" to mean "an accident . . . , which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

The parties further agreed that the following evidence was adduced at trial. In the early morning hours of August 7, 1977, Prahl, operating an automobile owned by his employer, Sellers, offered a ride to Ocean City to Barry Kuhl and Stanley Beutelspacher. Prahl later picked up two women hitchhikers. A short while thereafter Prahl stopped on the shoulder of the highway so that everyone could relieve himself. While the car was parked an altercation occurred between Prahl and Kuhl, resulting in Prahl being knocked to the ground. Prahl got up, ran to the vehicle, and sped off eastbound on U.S. 50, leaving his four passengers stranded on the shoulder of the highway.

The two young women and Kuhl and Beutelspacher began to walk eastbound on the shoulder of U.S. 50, hitchhiking as they went, with the two women walking backwards facing the traffic and the two men walking some distance ahead of

them with their backs to the traffic. Several minutes after he had sped from the scene in an eastbound direction, Prahl, apparently having gone "full circle" on U.S. Route 50, was headed eastbound toward the pedestrians. The women were able to get out of the way but the men were struck. Prahl left the scene.

Prahl was later located out of town by the police and was persuaded to return. He signed a written statement in which he admitted striking the men but asserted that it was an accident. Thereafter, he was arrested and convicted in Dorchester County in the District Court of Maryland for assault and battery.

Kuhl and Beutelspacher instituted suit against Prahl and Sellers Sales and Services, Inc. in the Circuit Court for Anne Arundel County, but while that suit was pending Aetna Casualty and Surety Company instituted a declaratory judgment action in the same court seeking a determination of whether insurance coverage existed under the two policies of insurance for injuries sustained by the two men. The circuit court stayed the pending tort suit and the declaratory action was tried before a jury in the Circuit Court for Anne Arundel County.[1] The jury returned a verdict for Aetna.

---

1. While this Court has recognized that the declaratory judgment remedy may be appropriate for determining rights and obligations of parties under insurance policies, Glens Falls Ins. v. Amer. Oil Co., 254 Md. 120, 254 A.2d 658 (1969); World Insurance Co. v. Perry, 210 Md. 449, 124 A.2d 259 (1955), we have also held that a declaratory judgment action brought by an insurer is inappropriate where the same issue is pending in another proceeding. *See* Brohawn v. Transamerica Ins. Co., 276 Md. 396, 347 A.2d 842 (1975), where we said:

> If the issue upon which coverage is denied were not the ultimate issue to be determined in a pending suit by a third party, a declaratory judgment would be appropriate. But where, as here, the question to be resolved in the declaratory judgment action will be decided in pending actions, it is inappropriate to grant a declaratory judgment. [*Id.* at 406.]

Here, declaratory judgment was improper because the issue sought to be resolved could have been determined in the pending tort action. *See* St. Paul Fire & Mar. Ins. v. Pryseski, 292 Md. 187, 438 A.2d 282 (1981). However, neither the petition for certiorari nor the conditional cross-petition raised the question. Thus, the issue is not before us at this time, though it may be raised on remand in light of our mandate.

Kuhl and Beutelspacher appealed and the Court of Special Appeals reversed the judgment and remanded the case for a new trial, *Kuhl v. Aetna Casualty and Surety,* 51 Md. App. 476, 443 A.2d 996 (1982), holding that the circuit court improperly admitted into evidence copies of Prahl's convictions for assault and battery but properly excluded Prahl's written statement and testimony concerning it. Aetna petitioned for certiorari and Kuhl and Beutelspacher answered and filed a conditional cross-petition. We granted both petitions.

The thrust of Aetna's declaratory judgment action was to establish that Prahl operated the automobile with the intention of striking Kuhl and Beutelspacher. This fact would exclude the "occurrence" from coverage under the policies. Thus, Aetna sought to introduce evidence of Prahl's criminal convictions for assault and battery of Kuhl and Beutelspacher. The trial court admitted this evidence over objection. The Court of Special Appeals held that this was error. We agree with the Court of Special Appeals.

It is a well-settled rule in Maryland that a criminal conviction is inadmissible to establish the truth of the facts upon which it is rendered in a civil action for damages arising from the offense for which the person is convicted. *Eisenhower v. Balto. Transit Co.,* 190 Md. 528, 59 A.2d 313 (1948); *Galusca v. Dodd,* 189 Md. 666, 57 A.2d 313 (1948); *Insurance Corp. v. Sherby,* 165 Md. 1, 165 A. 809 (1933); *Pugaczewska v. Maszko,* 163 Md. 355, 163 A. 205 (1932); *Balto. & Ohio R. Co. v. Strube,* 111 Md. 119, 73 A. 697 (1909).

We explained the rationale behind this rule in *Sherby:*

> The reasons for this exclusion of the judgment in a criminal case as evidence of the plaintiff's claim against the traverser are various. There is a weighty difference in the parties, objects, issues, procedure, and results in the two proceedings with different rules with respect to the competency of the witnesses and the relevancy, materiality, and weight of the testimony. In a civil proceeding, the

act complained of is the essential element, but in a criminal prosecution it is the intent with which the act is done. [*Id.* at 7 (citations omitted).]

The majority of our sister states have adopted this rule either by statute or case law. *See, e.g., American Fire etc. Service v. Williams,* 171 C.A.2d 397, 340 P.2d 644 (1959); *Brown v. Moyle,* 133 Colo. 29, 290 P.2d 1105 (1955); *Eggers v. Phillips Hardware Co.,* 88 So.2d 507 (Fla. 1956); *Smith v. Goodwin,* 103 Ga. App. 248, 119 S.E.2d 35 (1961); *Montgomery County v. Crum,* 199 Ind. 660, 161 N.E. 251 (1928); *Lipman Bros. v. Hartford Accident & Indemnity Co.,* 149 Me. 199, 100 A.2d 246 (1953); *Bibbs v. Fidelity Health & Accident Co.,* 71 S.W.2d 764 (Mo. App. 1934); *Moore v. Young,* 260 N.C. 654, 133 S.E.2d 510 (1963); *Gray v. Grayson,* 76 N.M. 255, 414 P.2d 228 (1966); *Stover v. Yoakum,* 69 Ohio L. Abs. 51, 109 N.E. 2d 877 (1952); *Dover v. Smith,* 385 P.2d 287 (Okla. 1963); *Nowak v. Orange,* 349 Pa. 217, 36 A.2d 781 (1944); *Frierson v. Jenkins,* 72 S.C. 341, 51 S.E. 862 (1905); *Smith v. Phillips,* 43 Tenn. App. 364, 309 S.W.2d 382 (1956); *State v. Benavidez,* 365 S.W.2d 638 (Tex. 1963); *Smith v. New Dixie Lines,* 201 Va. 466, 111 S.E.2d 434 (1959); *Forney v. Morrison,* 144 W. Va. 722, 110 S.E.2d 840 (1959). *Cf. Travelers Indemnity Co. v. Walburn,* 378 F. Supp. 860 (D.D.C. 1974); *Reid-Elliott Motors v. Lee,* 94 So.2d 160 (La. App. 1957).

Nevertheless, Aetna points to *Wald v. Wald,* 161 Md. 493, 159 A. 97 (1931), as support for its contention that the lower court erred in excluding copies of the convictions. In *Wald* a woman sued her husband for a divorce alleging abandonment. The court allowed into evidence, without objection, testimony that the husband had been convicted several times for desertion and non-support of the wife. *Wald* is distinguishable from the case at hand because the testimony concerning the husband's prior conviction was admitted without objection. Such is not the case here. Kuhl and Beutelspacher vigorously objected to the admission of the convictions but the trial court allowed them into evidence anyway.

We conclude, therefore, that in this jurisdiction a judgment of conviction in a criminal case is not admissible in a civil case as evidence of the facts upon which it is based. The parties to the criminal prosecution are different. The rules of evidence are different and the purposes and objects sought to be achieved are different. It was reversible error for the trial court to have admitted, over objection, in Aetna's case-in-chief, the certified copies of the convictions.

Kuhl and Beutelspacher, contrary to Aetna's view, sought to have Prahl's written statement, as well as his oral statement to the Maryland State Police, offered into evidence because, they contend, such statements show that Prahl's striking them with the automobile was an accident and thus the insurance policies cover the occurrence. They argue that Prahl's statements are not hearsay or in the alternative, fall within one of the exceptions to the hearsay rule, namely, state of mind, business records, admission of party opponent, or declaration against interest. Again we agree with the conclusion of the Court of Special Appeals.

McCormick defines hearsay as "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." C. McCormick, *Law of Evidence* § 246, at 584 (2d ed. 1972) [hereinafter cited as McCormick]. The rule has been adopted by virtually every state due to the important policy of judicial fairness which it represents:

> The hearsay rule ... is based on experience and grounded in the notion that untrustworthy evidence should not be presented to the triers of fact. Out-of-court statements are traditionally excluded because they lack the conventional indicia of reliability: they are usually not made under oath or other circumstances that impress the speaker with the solemnity of his statements; the declarant's word is not subject to cross-examination; and he is not available in order that his demeanor and credibility may be assessed by the jury. [*Chambers*

*v. Mississippi,* 410 U.S. 284, 298, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (citation omitted).]

Clearly Prahl's statement was not made under oath and is dependent upon the veracity of Prahl, who had a motive to lie. The elements of hearsay are present in the statement and unless one of the exceptions applies it cannot be admissible.

Kuhl and Beutelspacher first assert that the state of mind exception is applicable. Generally, declarations offered for the state of mind exception only indirectly indicate the mental state they are tendered to prove. However, "if the utterance would reasonably be understood as an assertion by the declarant of the existence of his state of mind or feelings which it is offered to prove, it would be hearsay." McCormick § 249, at 590.

The statement made by Prahl was merely an attempt to explain his former conduct rather than one which was evidence of his intent at the time in which the statement was made. Wigmore states that "the statements must be of a *present existing state of mind,* and must appear to have been made in a natural manner and not under circumstances of suspicion." VI J. Wigmore, *Evidence* § 1725 (Chadbourn Rev. 1976) [hereinafter cited as Wigmore], *quoted in Md. Paper Products Co. v. Judson,* 215 Md. 577, 590, 139 A.2d 219 (1957). *See also Robinson v. State,* 57 Md. 14 (1881). Prahl's statement does not meet these requirements and cannot be admitted under the state of mind exception to the hearsay rule.

Kuhl and Beutelspacher next assert that Prahl's written statement, taken by a police officer, comes within the definition of the business records exception to the hearsay rule. We disagree. Maryland has codified the business records exception in Maryland Code (1980 Repl. Vol.), § 10-101 (b) of the Courts and Judicial Proceedings Article, which provides that "a writing or record made in the regular course of business as a memorandum or record of an act, transaction, occurrence, or event is admissible to prove the act, transaction, occurrence, or event." Kuhl and Beutelspacher confuse a statement given to police after one is arrested for

a crime arising from an accident with a police record or report that the accident occurred. They are not the same.

A police report indicating that an accident occurred, the parties involved, etc., noting aspects of the accident observable by the investigating officer would come within the statute. Statements made by witnesses or parties to the accident to the officer would not come within the statute. *Honick v. Walden,* 10 Md. App. 714, 272 A.2d 406 (1971). *See also Hutchinson v. Plante,* 175 Conn. 1, 392 A.2d 488 (1978); *State v. Lungsford,* 167 N.J. Super. 296, 400 A.2d 843 (1979); *Mercurio v. Fascitelli,* 116 R.I. 237, 354 A.2d 736 (1976).

The rationale behind the business records exception is that the writer is under a duty to make a truthful report. The court in *Lungsford, supra,* gives a persuasive explanation as to why all items in a police report are not admissible under this exception:

> Obviously, the making of investigations and the receiving of information concerning crime is usual police business. Hence a police record is admissible to prove, for example, that a report of crime was made by a member of the public and when the report was made and received. It is not, however, admissible to prove the truth of the contents of that report since members of the public, whether targets of investigation, witnesses or victims, are not under a duty in the nature of a business duty, to make an honest and truthful report. Thus, such "citizen" declarations are virtually universally held to constitute excluded hearsay in respect of otherwise admissible police reports. [*Id.* at 850 (citations omitted).]

Prahl's statement does not come within the statute because it is not a memorandum of the accident such as the statute contemplates. It is merely Prahl's explanation of his part in the event. Prahl's statement is not accorded the reliability necessary to come within the business records exception because Prahl had no duty to make a truthful

statement. In fact, as the accused in the case, he had every motive to lie. The police officer taking the statement had no first-hand knowledge as to whether the events happened as Prahl had indicated. The officer merely had a written record of what Prahl told him. This is hearsay not falling within the business records exception.

Kuhl and Beutelspacher next maintain that Prahl's statement is an admission. Admissions are "the words or acts of a party-opponent, or of his predecessor or representative, offered as evidence against him." McCormick § 262, at 628. Admissions are considered to be substantive evidence of the facts admitted. *Smith v. Branscome,* 251 Md. 582, 248 A.2d 455 (1968); *Terry v. O'Neal,* 194 Md. 680, 72 A.2d 26 (1950); *Lambros v. Coolahan,* 185 Md. 463, 45 A.2d 96 (1945); *Kirk & Sons v. Garrett,* 84 Md. 383, 35 A. 1089 (1896); *Maurice v. Worden,* 54 Md. 233 (1880).

A party may offer into evidence against his opponent anything said by him as long as it illustrates some inconsistency with the facts now asserted by the opponent in pleading or in testimony. Wigmore, § 1048. Admissions do not have to be against the speaker's interest when made and may even be made by someone not having personal knowledge of the fact admitted. Unlike some hearsay exceptions, the speaker need not be, and rarely is, unavailable. McCormick § 277.

Prahl's statement does not come within this exception to the hearsay rule because the statement is not being offered against him as a party-opponent in this case and he is not a representative of Aetna; thus the statement cannot be admitted against Aetna. There must be some relationship between the party making the statement and the party whom it is being offered against if they are not the same party. That relationship is lacking here. Kuhl and Beutelspacher are co-defendants of Prahl's in this action. One co-defendant cannot use a statement made by another co-defendant as an admission against the plaintiff. Accord-

ingly, Prahl's statement is not an admission in this case.[2]

Finally, Kuhl and Beutelspacher claim the declaration against interest exception applies. This exception requires that the declarant state facts which are against his pecuniary, proprietary or penal interest at the time they are made and that the declarant be unavailable at the time of trial. McCormick § 276 (2d ed.), § 278 (1978 Supp.).[3] It evolved in England during the 18th century premised upon the grounds

> (1) that the hearsay rule might exclude the only available evidence, and result in great injustice unless exception were made, and (2) that no person would be likely to make such a statement unless true, and hence the statement would be free enough from the risk of untrustworthiness to make the requirement of cross-examination a work of supererogation. [*Thomas v. State,* 186 Md. 446, 449, 47 A.2d 43 (1946).]

Two prerequisites to this exception are necessity, *i.e.,* the unavailability of the declarant due to death, insanity, etc., and a circumstantial probability of trustworthiness, *i.e.,* there must not be a motive to lie. Wigmore § 1455. Many courts and legal writers fail to distinguish between admissions and declarations against interest. However, they are not the same.

> [T]he admissions of a party-opponent come in without satisfying any of the requirements for declarations against interest. The admissions need not have been against interest when made, though it will usually happen that they were. The party

---

**2.** It appears that Kuhl and Beutelspacher have made the all too common error of failing to distinguish between an admission and a declaration against interest. However, as the next section will indicate, the declaration against interest exception does not apply either.

**3.** Declarations against proprietary and pecuniary interests satisfying the exception always were admissible by American courts but it has been only recently that declarations against penal interests have been included within the exception.

making the admission need not be, and seldom is, unavailable. Nor does the party making the admission need to have had personal knowledge of the fact admitted. Accordingly, when the admission of a party, or a party's predecessor in interest, is sought to be introduced, it should be offered as and tested by the requirements for parties' admissions, not those for declarations against interest. On the other hand, when the statements were those of a non-party declarant, now dead or unavailable and the position of the declarant is found not to meet the requirements of "privity" necessary to class him as a party's predecessor, then the theory of declarations against interest may be a case-saving ticket of admission. [McCormick § 276 (citations omitted).]

Prahl's statement does not come within the declaration against interest exception because it was not against his pecuniary, proprietary, or penal interest at the time it was made. Pecuniary interests are those relating to a person's financial situation in some manner.[4] Proprietary interests typically have concerned property ownership, *i.e.,* whether a person owns certain land or has conveyed it. McCormick § 277. Penal interest would involve exposure to risk of punishment for a crime. McCormick § 278 (1978 Supp.). None of these types of interests was involved in Prahl's statement.

Prahl's statement was not against his interest in any manner because he stated that the striking of Kuhl and Beutelspacher was an accident, thus seeking to exonerate himself from any civil or criminal charges. Instead of being a declaration against interest, the statement was merely a self-serving declaration made in an attempt to free the speaker of any liability. This Court has consistently held that self-serving declarations are not admissible. *Evans v. Buchanan,* 183 Md. 463, 38 A.2d 81 (1944); *Takoma Park*

---

4. An example of a pecuniary interest is an acknowledgement by the declarant that he is indebted to another. McCormick § 276.

*Bank v. Abbott,* 179 Md. 249, 19 A.2d 169 (1941), *cert. denied,* 314 U.S. 672 (1941); *Rosman v. Tr. Ins. Co. of Hartford,* 127 Md. 689, 96 A. 875 (1916); *Jones v. Dugan,* 124 Md. 346, 92 A. 775 (1914). The purpose of this rule is obvious.

One of the reasons given for the declaration against interest exception to the hearsay rule is that the person is unlikely to lie in such a situation. This is not so when a self-serving declaration is in issue because the person has a motive to lie. The statement made by Prahl in this case is a perfect example. While we do not assert that Prahl lied in his statement, the motive to do so was present because Prahl faced a prison term if convicted of assault. His interests were best served by denying that his acts were intentional and this is what he did. Thus, Prahl's statement does not come within the declaration against interest exception to the hearsay rule. Because none of the other exceptions is applicable, the statement is hearsay and is inadmissible. Accordingly, the judgment of the Court of Special Appeals is affirmed.

> *Judgment of the Court of Special Appeals affirmed.*
> *Aetna Casualty and Surety Company to pay the costs.*